HARDY, Judge.
This is a suit which was originally brought by Edward Mack Griffin and Rachal B. Griffin as husband and wife, the parents of the minor, Alton Ray Griffin, for the recovery of damages allegedly sustained by the said minor as the result of the negligent operation of a taxicab of defendant corporation by one of its employees. After disposition of a number of procedural complications resulting from the somewhat involved pleadings, there was finally judgment on the merits in favor of Rachal B. Griffin, as tutrix of the minor, Alton Ray Griffin, awarding damages in the sum of $1,750. From this judgment defendant has appealed. Plaintiff has answered the appeal praying for an increase in the amount of the judgment.
The original petition of the above named parties plaintiff, filed December 5, 1950, was met with an exception of no cause and no right of action which was filed with the answer of defendant on January 31, 1951, and which exception, by agreement of counsel for the parties litigant, was referred to the merits.
On March 13, 1951 the case was taken up for trial and in course thereof the examination of one of the plaintiffs developed the fact that Edward Mack Griffin *227 and Rachal B. Griffin were married in 1943 and that the minor, Alton Ray Griffin, was born in 1940. The case was continued, subject to being reset, and on March 26,’ 1951 plaintiffs tendered a supplemental and amended petition to'the allowance of which strenuous objection was made by counsel for defendant. Pursuant to reasons assigned in a written opinion filed May 14, 1951 the objection was overruled and the supplemental and amended petition allowed. Subsequently defendant filed answer to -the said petition, the trial of the case on the merits was resumed and closed, and in accordance with reasons assigned in a written opinion of February 18, 1952, defendant’s exception of no right of action was sustained and plaintiffs were allowed sixty days in which to qualify as tutor or tutrix of the minor. Within the time fixed Rachal V. Jones Griffin filed a petition as tutrix of the minor, Alton Ray Griffin, praying to be substituted as party plaintiff, which petition was allowed.
Before this Court counsel for defendant has re-urged the objection to the allowance of plaintiff’s supplemental and amended petition, which objection is predicated upon the contention that the .said petition was allowed after issue joined and had the effect of changing and altering the substance of the original demand. We observe, in passing, that we do not find the slightest merit in this contention since it is obvious from reference to the amended pleading that it in no wise changed or altered the demands or issues but simply attempted to cure the erroneous allegations of the legal relationship existing between plaintiffs and their minor child.
However this may be, we think it has entirely passed out of consideration by reason of the judgment which sustained defendant’s plea of no. right of action. This judgment properly allowed plaintiffs a period' of time within which to qualify as legal representatives of the minor. Upon compliance with this demand and subr stitution of Rachal V. Jones Griffin as party plaintiff in her capacity as tutrix, to which procedure no objection was advanced on behalf of defendant, all questions with reference to the legitimacy of the minor, the marital status of the original parties plaintiff, and their rights to proceed in behalf of the minor, have passed out of consideration.
Proceeding to a discussion of the merits we find that the material facts are well established. On May 17, 1950, at about 2:40 o’clock in the afternoon, Alton Ray ■Griffin, a nine-year old Negro boy en route from school to his home, while crossing from the east to the west side of Taylor Street at its intersection with Pickett Street in the City of Shreveport, was struck by a taxicab owned by defendant corporation and operated by its employee, which vehicle was moving south on Taylor Street. The boy was knocked to the pavement, sustaining a fracture of both the tibia and fibula of the left leg and some minor bruises and lacerations about the head, particularly in the vicinity of the left eye. The injured child remained under treatment in a sanitarium for a period of approximately seven days and after being released was forced to use crutches for a period of some six weeks, after which his recovery was normal and completely satisfactory.
At the time of the accident defendant’s cab was being driven by its employee, Ernest Speed, who was not a regular driver but was a sort of porter or handy man employed at defendant’s garage. Speed had been sent to pick up the cab at Bogard’s Garage, where the vehicle had been undergoing repairs, for the purpose of returning it to defendant’s garage. Speed was taken to the Bogard garage in one of defendant’s trucks, driven by another employee, and at the time of the accident Speed was driving the taxi following the truck" and both vehicles were being returned to defendant’s garage on Creswell Street.
It was alleged that defendant’s cab at the time of the accident was being driven at an excessive rate of speed in violation of the ordinance of the City of Shreveport; that the driver was not maintaining a careful lookout; that the driver did not have his cab under proper control; that a number of school children were in the *228 street at the intersection of Taylor and Pickett Streets, despite which the driver of the cab failed to slacken speed or apply his brakes. At a point near the center of Taylor Street, which was thirty-six feet wide from curb to curb, the Griffin boy was struck by, or collided with, the right front fender of the cab. The only eyewitness of the accident who testified on behalf of defendant was the driver of. the cab, who fixed his speed as being about 20 miles per hour and who further insisted that the young Griffin boy ran out into the street from behind some parked cars. We do not think it necessary to engage in any extensive discussion of analysis of the testimony. The story given by the cab driver is overwhelmingly controverted by the testimony of three witnesses for plaintiff who observed the accident. From this testimony it is clearly established that the cab was traveling at a speed of some 50 to 60 miles per hour; that there were no cars parked at the curb and as a consequence the boy could not 'have run out from behind a car; and that the cab traveled a considerable distance before being brought to a stop, variously estimated at from 100 to 300 feet. It is further established that the driver had a clear and unobstructed view of Taylor Street for a distance of well over 300 feet from the intersection at which he entered Taylor from Christian Street. It is also established that a number of children on their way from school were in the vicinity on the sidewalks and street at and near the intersection. It is further significant that the Griffin boy had traversed about 18 feet of the crossing when he was struck by the cab.
By reason qf the above facts established by convincing preponderance of the testimony, the conclusion is inescapable that the driver of defendant’s cab was guilty of the grossest kind and degree of negligence.
The plea of contributory negligence on the part of the injured boy is urged by defendant. The facts do not justify a finding of such negligence, but conceding, arguendo, the contributory negligence of young Griffin, it is obvious that the doctrine, of discovered peril would be applicable under the existing circumstances. Cox v. Gross, La.App., 47 So.2d 102. The cab driver must be-held to have seen what he could and should have seen, that is, that a child crossing the street was in a place of peril. There is not the slightest excuse which would serve to exonerate the driver .from his obligation to take such action as could and would have avoided the accident. ' •-
The only other ground of defense rests upon the contention that the driver of the cab was not in the course and scope of his employment by reason of his voluntary and unauthorized deviation from the mission on which he had been sent and that at the time of the accident no re-entry into the scope and course of employment had been effected. In support of this proposition learned counsel, citing 14 T.L.R., page 72, urges the consideration of the requisite elements which must be established in order to evidence a re-entry of employment and which he enumerates as follows:
1. The trip must have had its origin in the employer’s business.
2. The mental purpose of the employee, following departure from employment, must be to return to the next duty, whether that be further work, or the return of the vehicle to the place where it belongs.
3. The purpose to return must have been put into effect by stárting the return journey.
Counsel further,, and we think correctly, argues that “Once the deviation from the employment is established by the defendant, then the burden of proof shifts to the plaintiff to show the re-entry * * *"
We think thi,s argument may be disposed of by observing that in this case defendant has failed to prove the deviation from the course of employment for which he contends. This point was considered and concluded by our distinguished brother of the District Court in the following words:
“Counsel for the defendant cab company also argues that the driver of the *229 cab was outside the scope of his employment at the time of the accident. The facts reveal that this driver had been sent by his employer in a truck with another driver to pick up this cab and return it to the cab company’s place of business. Having picked up the cab, he was following the truck in which he had been a passenger, presumably back to the cab company. It is true the two drivers were not taking the shortest route to their destination, but there is no evidence that their employer told them what route to take, and the route they were on at the time of the accident was in the general direction of the cab company’s place of business. See Cusimano v. [A. S.] Spiess Sales Co. [153 La. 551], 96 So. 118.”
We can only add the observation that there is nothing in the testimony which would justify the factual conclusion that the driver had deviated from his mission. It is true, as observed by the District Judge, that he was not taking the shortest route in making the return to his employer’s place of business, but there is nothing to indicate that he had any intention of engaging in the satisfaction- of any personal purpose or indulging in any purely private activity. The mere fact that he was negotiating a route which took him through a populous colored section of the -City does not militate against the uncontroverted claim that he was engaged at the time in the mission of returning the cab to his employer’s place of business.
Finally, defendant’s counsel objects to the quantum. In answer to the appeal plaintiff prays an increase in the judgment to the sum of $3,500, and further seeks the allowance of the sum of $15.30 representing the amount due,a photographer for photographs taken of the situs of the accident, and the further sum of $85 due a professional civil engineer for services in making a survey of the locus a quo, which specific allowances are claimed as costs attendant upon the testimony of the photographer and the engineer as experts.
The monetary claims for damages set forth in the original petition discloses items consisting of $2,500 for injuries sustained by the minor, Alton Ray Griffin; $1,000 for pain and suffering; $185.50 for doctor and hospital bills; $2,500 for mental anguish of the parents, and $255 allegedly representing loss of wages on the part of the mother. Under the proceeding as finally established, an action by the tutrix on behalf of the minor, the only items that remain béfore us for consideration are those bearing upon the injuries, pain and suffering sustained by the minor himself. The record does not establish any undue amount of pain and suffering, nor any complications of any nature in connection with the boy’s recovery, and no claim for disability is even asserted. The basis of recovery is reduced to a consideration of a minimum of pain and suffering, a seven-day period of hospitalization, some six weeks of incapacity and inconvenience, and a reasonable period of progress to- complete recovery on the part of a nine-year, old boy. Hospital and medical bills were paid by defendant. We think the amount awarded by the District Court is somewhat excessive and that the same should be re-reduced to the sum of $1,250.
We find no merit in the claim for payment of services to the photographer and the civil engineer. These' services were rendered at the request and for the particular benefit of supporting plaintiff’s claim, and neither of these parties were called to give any scientific or professional testimony or to express any opinion based upon their specialized study or experience, under LSA-R.S. 13:3666. We think the charge's for the services rendered were properly incurred and should be borne exclusively by plaintiff.
For the reasons assigned the judgment appealed from is amended by reducing the principal amount thereof to the sum of $1,250, and as amended the same is .affirmed at appellant’s cost.