124 So.2d 917

Erna Stafford HAYS

v.

Guy F. HAYS.

No. 43561.

Dec. 12, 1960.

Garland & DeJean, Opelousas, for plaintiff-appellant.

Tate & Tate, Mamou, for appellee.

HAWTHORNE, Justice.

This appeal is by Mrs. Erna Stafford Hays from a judgment of the district court declaring Article 160 of the Louisiana Civil Code, which authorizes the court to award alimony under certain circumstances to the wife, to be unconstitutional as violative of the Fourteenth Amendment of the United States Constitution and Article 1, Section 2, of the Louisiana Constitution of 1921.

Guy F. Hays instituted a suit in 1949 at his domicile in the Parish of Evangeline for a divorce from his wife, Mrs. Erna Stafford Hays, on the ground that they had lived separate and apart for more than two years. The court granted the husband a divorce, awarded the wife custody of the minor children, and ordered the husband to pay alimony of $45 a month for the support of the wife and their three minor children. In 1956 the wife sought a rule in the divorce proceedings alleging that the husband was in arrears in his alimony payments, seeking to have the amount of this arrearage definitely fixed, and asking an executory judgment for the amount determined to be due. The husband appeared and filed an exception of no right or cause of action, an exception to the jurisdiction, and a plea of prescription of three years. He also filed a plea of unconstitutionality with respect to Article 160 of the Civil Code. The trial judge without passing on any of the other pleas filed by the husband annulled and avoided the judgment rendered in the divorce proceedings insofar as it awarded alimony to the wife, on the ground that Article 160 of the Civil Code was unconstitutional, as stated above. From this judgment plaintiff in rule, Mrs. Erna S. Hays, appealed.

■ In support of his plea of unconstitutionality appellee, the husband, argues that Article 159 of the Civil Code provides that the effect of divorce is to dissolve forever the bonds of matrimony which existed between the parties and to place them in the same situation with respect to each other as if no marriage had ever been contracted. He then says that Article 160 provides that the court may in its discretion under certain circumstances award to the divorced wife alimony, which this court has said in numerous cases is a gratuity in the nature of a pension. On this premise he argues that since there is no obligation on the husband to pay alimony, such alimony being a mere gratuity, an award of alimony amounts to a taking of his property for private purposes in violation of the provisions of the federal and state constitutions mentioned above.

[2] Appellee is correct that in numerous cases, of which no citation is necessary, this court has stated that the alimony which may be awarded to the wife under Article 160 is a gratuity in the nature of a pension which the court may in its discretion allow the wife. By this statement this court meant that after divorce there no longer exists an obligation under the marriage contract for the husband to support and maintain his wife, as this contract has been dissolved. In other words, the court had in mind that the wife after divorce no longer has the absolute right to demand of her divorced husband support and assistance since the dissolution of the marriage contract relieved him of that obligation; that consequently the right of the wife to be awarded alimony under Article 160 does not flow from the marriage contract, and that insofar as this contract is concerned, the alimony is a gratuity in the nature of a pension. However, the court's statement cannot be construed to mean that there is no obligation on the divorced husband to pay alimony under certain circumstances.

■ Divorce is not one of the inalienable rights granted by the federal or the state Constitution, and the lawmakers of the state may make laws regulating divorce and impose conditions under which a citizen of this state may obtain a divorce. Alimony is incidental and related to divorce, and its imposition is within the power which the lawmakers have to regulate and impose conditions for a divorce. Consequently, when the Legislature enacted Article 160 of the Civil Code, it was simply saying to a citizen of this state, as it had a constitutional right to do, that if cause exists for a divorce, it may be had subject to the condition that the court may in certain specified circumstances require the husband to pay alimony. By paying this alimony the husband is discharging an obligation imposed upon him by the court under authority of law, and his property is in no sense being unconstitutionally taken.

The lower court made no ruling on appellee's other pleas and exceptions—that is, his exception of no right or cause of action, exception to the jurisdiction, and plea of prescription of three years. Therefore we, as an appellate court, will not consider them, but will remand the case to the lower court for further proceedings.

For the reasons assigned the judgment appealed from annulling and avoiding the judgment rendered in the divorce proceedings insofar as it awarded alimony to the wife is reversed, annulled, and set aside, and the case is remanded to the lower court for further proceedings. Appellee is to pay all costs in this court; assessment of all other costs is to await final determination of the cause.