YARRUT, Judge.
This is a suit by the mother, individually in her own behalf, and as duly qualified tutrix of her 9-year old minor daughter, to recover damages resulting when an automatic vending machine toppled and injured her daughter when the child was patronizing the machine.
The District Court rendered judgment in favor of Plaintiff, as tutrix for the benefit of her minor daughter, in the sum of $5000.00, with interest, and in favor of Plaintiff, individually, for $405.97, plus $100.00 expert’s fee, against Defendants, Crescent Cigarette Service, Inc. and its insurer, Travelers Insurance Company, in solido.
A third-party proceeding was filed by Crescent Cigarette Service. Inc, and Travelers Insurance Company against Dufau Petroleum Co., Inc., lessor-owner of the building, and New Amsterdam Casualty Company, its casualty insurer, which was dismissed, and from which no appeal was taken. The only appeal now before us is that of Crescent Cigarette Service, Inc. and Travelers Insurance Company, as liability insurer, Defendants in the main demand.
The record shows that Crescent Cigarette Service, Inc. had an agreement with one Mascaro, lessee and operator of a service station, to place one of its vending machines in Mascaro’s station, in consideration of which, and in lieu of rent, Mascaro was to receive 25% of the net profits. No location of the vending machine was fixed, and Mas-caro was permitted to, and did, change the location from time to time, with the knowledge and without objection from Crescent Cigarette Service, Inc.
One evening Plaintiff’s 9-year old daughter entered the service station, inserted a nickel in the vending machine, and pulled the lever. The machine suddenly toppled over, fell on the child and inflicted serious injuries, as per medical testimony as follows :
The child was X-rayed and a fracture of the tibia and fibula were found. The laceration was treated, the bleeding therefrom was controlled, and the wound sutured and her leg placed in a long leg cast, and she was admitted to Touro Infirmary. The child was in considerable pain at the time; the bones broken were in the tibia and fib *144 ula of the left leg, in the lower one-third. The fracture was approximately two and one-half inches above the ankle, above the most distal end of the ankle bone; it was a compound, open fracture, communicating with the outside. There was a break in the skin above the fracture site. The child remained in the hospital one week. The child was given antibiotics, probably penicillin and streptoserin, by injection. The cast was put on November 9, 1959, and there was considerable discomfort, not only from the cast, but from pain in the fracture. The cast was removed February 29, 1960, and a short leg walking cast was put on, starting from the heel and extending to the knee. The child was still on crutches at this time, as the fracture at this time was not completely healed.
There is no question that the toppling of the machine was due to its faulty stability. The question is who is responsible therefor, Crescent or Mascaro, or both in solido ?
The machine was owned, furnished and serviced by Crescent. It was in the premises about two months when the unfortunate accident happened. In the two months, on four different occasions, Crescent’s man serviced the machine but made no objection to its location or anchorage. Whether liability rests upon one or both Defendants, depends upon whether the relationship of Crescent and Mascaro was that of employer and employee, landlord and tenant, or joint adventurers.
We are constrained to hold that the relationship between Crescent and Mas-caro was that of employer and employee, with Mascaro’s compensation measured by a percentage of the profits from the vending machine. Mascaro had no ownership in the machine; no right to service it; no liability for the merchandise used in the machine; and no responsibility except to keep it safe and prevent it being injured, or injuring others. However, he was authorized to locate the machine and to move it, and in so doing, he was acting as the agent and employee of Crescent Cigarette Service, Inc. Any negligence on his part is chargeable to both under the doctrine of respondeat superior, and LSA-R.C.C. Art. 2315.
Where plaintiff was to furnish only his services and defendant was to furnish premises and merchandise, and plaintiff was to receive only a share of net profits with no interest in the business or its stock, fixtures, or good-will, and plaintiff was not responsible for any losses resulting from his management of business, relationship between plaintiff and defendant did not constitute a joint venture, but was instead an employment or agency relationship. Walker v. Delahoussaye, La.App., 116 So.2d 884.
When an agent or employee causes damage by his negligence when acting in the scope of his authority, both the employer and employee are liable in solido.
In Bergeron v. Houston-American Insurance Company, La.App., 98 So.2d 723, an award of $1000.00, plus medical expenses, was allowed in case involving the linear fracture of the fibula of a 2-year old boy. Injuries were characterized by court as “minor” and “not unusually painful.”
In Bordelon v. Great American Indemnity Co., La.App., 124 So.2d 634, $5000.00, plus medical expenses, was allowed to a 16-year old boy who had both bones of his right leg broken and shattered into small pieces, requiring him to undergo major surgery and steel screws inserted to stabilize the break. He was in a cast extending from his hip past his toes for two months, after which a walking cast was applied. Circulatory complications and damage developed, requiring medical treatment for a year. When discharged he had no substantial permanent residual, though the doctors agreed he would have some difficulty for an additional period of time.
*145 In Guillory v. Allstate Insurance Company, La.App., 96 So.2d 866, a child’s leg was broken and healed normally. The court found he had a mental disturbance as a result of the injury, treatment and hospitalization. The medical testimony was that the child’s difficulties were not so much the cause of the broken bone as they were the mental trauma resulting. The child received treatment for nine months. An award of $4000.00 was held adequate.
In Griffin v. Yellow Cab Co. of Shreveport, La.App., 61 So.2d 225, a 9-year old boy was injured by an automobile, sustaining fracture of both tibia and fibula of left leg, with minor bruises and lacerations about the head, particularly in the vicinity of the left eye; was confined in the hospital for a week. After his release, he used crutches for six weeks. His recovery was normal and completely satisfactory. An award of $1250.00 was held adequate.
In Gray v. Great American Indemnity Company, La.App., 121 So.2d 381, the district court allowed $5000.00 for injuries to a 7-year old boy injured in an automobile collision. The child sustained a compound fracture of the tibia and fibula of the left leg, just above the ankle, and was left with a 4-inch scar. Surgery was necessary to set the leg. After surgery, he wore a long leg cast extending from the groin to his toes. He remained in traction at the hospital for ten days, after which he was allowed to go home. For six weeks after, he could not walk and had to be carried about because of the cast. Then the long cast was removed and a short leg cast applied. The boy became ambulatory with the use of crutches. After the removal of the short leg cast, the boy wore an Ace bandage. Two months later the boy re-fracturcd the leg at the site of the original break. He was then placed in a cast for about two months. The testimony of the medical experts was to the effect that the second fracture was attributable to the fact that the original injury had not healed completely. The award to the minor was increased from $5000.00 to $7000.00.
The allowance of $5000.00 by the District Court in this case for the child’s injury and! suffering is generally in keeping with the jurisprudence, and we find no reason to reduce it.
For the reasons, assigned, the judgment of the District Court is affirmed; Defendants-Appellants to pay all costs.
Affirmed.