260 So.2d 336 (1972)
Gladys Firmin MORGAN
v.
Floyd MORGAN.
No. 4867.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1972.
*337 LeBrun, Karno, Lockhart & Brainis, David M. Smill, Metairie, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, Omer F. Kuebel, Jr., John H. Musser, IV, New Orleans, for defendant-appellant.
Before LEMMON, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
This is an appeal by defendant, Floyd Morgan, from an alimony judgment in favor of plaintiff, his former wife, Gladys Morgan.
Floyd and Gladys were married in 1943. A judgment of divorce was obtained by the wife in 1963 based on voluntarily living separate and apart for two years. No provision for alimony was made in the divorce proceeding.[1]
The present suit is an attempt by plaintiff to receive alimony under the provisions of LSA-R.C.C. art. 160 which provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
Thus, we are faced with the question of whether Gladys was without fault and is in necessitous circumstances.
While the record discloses that Gladys left her husband, we are convinced that Floyd had made life with him insupportable, and, therefore, Gladys had a right to leave.
The plaintiff attempted to prove that her husband was having an adulterous affair with Edna Rothmann, a hired servant, who lived in a nearby house on the Morgan's rented farm. Plaintiff, while perhaps failing to prove adultery, did demonstrate that it was defendant's constant attention to Edna and lack of attention to his family and wife that had made living together insupportable. Her testimony is corroborated by that of three grown sons. On the other hand, defendant and Edna Rothmann denied having any illicit relationship of any nature whatsoever.
The question of a wife's fault is a factual one, Davieson v. Trapp, 223 La. 776, 66 So.2d 804, and from the trial court's reasons for judgment it is obvious he believed the testimony of plaintiff and her sons.
While we do not necessarily agree with the conclusion of the trial judge that sufficient evidence of proof of adultery was adduced, there was no necessity for *338 the wife to prove the husband's adultery, but only her freedom from fault. The record, as reflected by the reasons assigned by the trial judge, supports the conclusion that the wife was free from fault and that the action of the defendant constituted the cause of the separation resulting in the divorce. Excerpts from those reasons are as follows:
* * * * * *
"Considering first the evidence relative to petitioner's testimony that her husband was running around with another woman, namely, his present wife, the Court finds that Edna Rothman was employed initially to assist petitioner in washing, ironing, and other household tasks.
"Petitioner testified this arrangement was unsatisfactory for several reasons in that her husband was spending time with Edna Rothman in his own home and while visiting with her in an adjoining house on the premises where she lived.
"Petitioner further testified that Edna Rothman accompanied her husband on a trip where she allegedly assisted him in driving as an assistant driver.
"Furthermore, the attention given to Edna Rothmay by her husband was frequent and regular and detrimental to his business and family life. Petitioner testified she had no alternative other than to fire Edna Rothman from the job, believing this to be in the best interest of her marriage and her family.
"Defendant acknowledged that Edna Rothman accompanied him to Texas since he was in need of an assistant driver and no one else was available at the time.
"Defendant maintained he attended to his duties as husband and head of the household and stoutly denied committing an act of adultery with Edna Rothman at any time whatsoever. Edna Rothman likewise maintained she in no way and at no time committed an act of adultery with Floyd Morgan.
"Averting to the evidence introduced by plaintiff in proof of the alleged adultery committed by the defendant with his present wife whom he married on July 11, 1963, shortly after his divorce from his first wife, plaintiff herein, and in support of their mother's testimony, all three sons of the parties herein testified on the trial of the case and stated that Edna Rothman was the only reason why their father left their mother. All three witnesses testified their mother never gave their father, defendant herein, cause for a divorce.
"The Court deems it unnecessary to further set forth the details of the incidents as shown in the record of this case.
"It suffices to say that the evidence showing several instances of unadulterous but improper intimacies between defendant and Edna Rothman, consisting, inter alia, of occasions when defendant kissed her and sat with her at her home, demonstrates the defendant's proclivity to commit adultery."
Defendant also claims that plaintiff has failed to prove she is in necessitous circumstances, and that the alimony judgment of $80.00 a month is excessive because Floyd has very little money left after his expenses and Gladys only proved a need for $15.00 additional income to meet her expenses.
The plaintiff, who is an invalid dependent on a disability income of $113.00 from the state and the charity of her sons and relatives, demonstrated necessary expenses totalling $187.98.[2] These expenses do not *339 account for her clothing which is presently donated to her through solicitous relatives.
The fact that two years previously the plaintiff received a property settlement of $2,500 does not affect her present necessitous circumstances. Nor should it be necessary for a wife to deplete the entire sum received from the community in order to be entitled to permanent alimony. Procell v. Procell, 226 So.2d 590 (La.App. 2d Cir. 1959).
After considering the testimony of Floyd Morgan which demonstrated that he earns a gross monthly income in excess of $500.00, the trial court's judgment of $80.00 a month is reasonable and within the bounds of LSA-R.C.C. art. 160.
Defendant's final contention is that LSA-R.C.C. art. 160 is violative of the Louisiana and United States Constitutions. In particular, it is alleged that the codal provision for the wife's permanent alimony violates La.Const. Art. 1, § 2 and § 12, and U.S.Const. Amends. 8, 13, and 14.
La.Const. Art. 1, § 2, deals with an individual's right to due process under the law and was adequately answered by the Louisiana Supreme Court in Hays v. Hays, 240 La. 708, 124 So.2d 917.
Defendant argues that Amends. 8, 13, and 14 of the U.S.Const. are violated because LSA-R.C.C. art. 160 does not recognize equal rights for men and women. It is defendant's contention that under the Article, it is impossible for the husband to collect alimony under any circumstances and that to insist only the husband bear the expenses of alimony is cruel and unusual punishment and is an unlawful taking of his property. By discrimination in this manner against the husband, equal protection is not afforded to all citizens of the United States. This argument is not germane for the reason that the defendant is not seeking a right to receive alimony under LSA-R.C.C. art. 160 as a husband in necessitous circumstances.
In view of the foregoing, the judgment of the trial court is affirmed with defendant to pay all costs.
Affirmed.
NOTES
[1] The sum of $125.00 per month was awarded to Gladys Morgan for the support of three children.
[2] Rent $50.00, housekeeper $47.00, lights $15.00, gas $7.00, phone $5.17, burial policy $3.81, drugs $10.00, doctor $10.00, and food $40.00.