319 So.2d 566 (1975)
Charles Noel PHILLIPS
v.
Gretchen Thompson PHILLIPS, his wife.
No. 6923.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1975.
Rehearings Denied October 9, 1975.
*567 McDonough & McDonough, Birch P. McDonough, New Orleans, for plaintiffappellee.
Reed, Reed & D'Antonio, Floyd J. Reed, Metairie, for defendant-appellant.
Before LEMMON, GULOTTA and BEER, JJ.
GULOTTA, Judge.
This is an appeal by the wife, in which she seeks a further increase in the amount of support payments awarded for two minor children, ages 9 and 10.
Mrs. Gretchen Phillips filed a rule seeking an increase from a judgment ordering support in the sum of $350.00 per month. The trial judge increased the amount of the monthly award from $350.00 to $400.00.
On appeal, plaintiff wife complains of the inadequacy of the amount of the increase and suggests a proper amount of support in the sum of $800.00 per month. The father, defendant in rule, seeks, by separate appeal, to have the amount of the increase set aside and to have the judgment reinstated in the amount of $350.00 per month.
The parties were divorced on April 7, 1971, and at that time Mrs. Phillips was granted the custody and control of the two minor children, who were then ages 5 and 6. Support for the minor children was set in the divorce judgment in the sum of $100.00 per month to be increased, commencing July 15, 1971, to the sum of $250.00 per month. Thereafter, in June, 1973, the amount of the support for the children was increased to the sum of $350.00 per month. The judgment from which both parties appeal, setting the amount of the award in the sum of $400.00 per month, was rendered on October 11, 1974.
It is the wife's position that at the time the trial judge granted the inadequate increase, Phillips was earning approximately $20,000.00 per year plus an annual bonus from his job as president of Wetzel Printing Company and that his second wife, with whom he is residing, was earning $9,600.00 per year. Mover complains that the sum of $348.00 which she receives from her earnings, together with the $400.00 per month support payments, is insufficient to allow the children to maintain a standard of living comparable to that which was maintained prior to the separation of the parents and maintained presently by their father.
Defendant in rule Phillips complains that his net increase in income from June, 1973 (when support was set in the sum of $350.00 per month) to October, 1974 (when support was increased to $400.00 per month) totals the sum of $369.06. According to the father, his monthly debts including support for the children exceeds his monthly income by the sum of $132.02. Phillips claims, therefore, the trial judge erred when he increased the amount of the support for the minor children. We are not in agreement with the contentions advanced by defendant in rule.
It is well settled that the earnings of a second wife are to be considered in determining the amount of the award for children born of a prior marriage. Finley v. Finley, 305 So.2d 654 (La.App., 1st Cir. 1974); Vaughan v. Vaughan, 286 So.2d 416 (La.App., 4th Cir. 1973); Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954). Also well entrenched in our jurisprudence is the rule that the amount of child support is within the sound discretion of the trial judge. However, our responsibility in reviewing fact and law is to revise the judgment whenever we find there has been an abuse of discretion and that the award is either excessive or inadequate. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Micheli v. Toye Brothers Yellow *568 Cab Company, 174 So.2d 168 (La.App., 4th Cir. 1965); Lewis v. Fidelity & Casualty Company of New York, 230 So.2d 636 (La.App., 2d Cir. 1970). In this connection, we are mindful of the precept that a remarried parent has the continuing primary responsibility for the support of his minor children. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). Moreover, a child victim of divorced parents is entitled to be maintained in a standard of living commensurate with that of the father when the financial circumstances of the father permit. Lamothe v. Lamothe, 262 So.2d 87 (La.App., 4th Cir. 1972).
Applying the above jurisprudence to the instant case, we conclude that the income of Phillips and the second wife warrants a greater increase than was awarded by the trial judge. According to Phillips' testimony, his adjusted gross income in 1973, including the annual earnings of the second wife, totalled the sum of $24,600.00. Phillips testified that his gross salary in 1974 was $384.62 per week. On this basis, we compute his 1974 earnings in the sum of approximately $20,000.00. When this amount is added to the $9,600.00 earnings of the second wife, the combined gross earned income is the sum of $29,600.00. Of significance also is the fact that Phillips is residing in separate property of the second wife (though encumbered by a mortgage); that the second marriage is childless; and that the second community owns non-income producing mortgaged property in Waveland, Mississippi.
We might point out that the exaggerated itemized list of monthly expenses claimed by Phillips, which exceeds his monthly income by $200.00, and those needs claimed by Mrs. Phillips in the sum of $2,085.00 per month are of no assistance to this court in arriving at an appropriate child support award.
Contrasted with the earnings of the father are those of Mrs. Gretchen Phillips, mover in rule. She testified that her gross earnings are $348.00 per month. This amount, together with the $400.00 support award, affords an income for the support of herself and the two minor children in the sum of $748.00. Computed on an annual basis, available gross income for support of the mother and two children is $8,976.00. Under the circumstances, we deem a substantial increase is warranted. An appropriate monthly amount for support of the two minor children is the sum of $300.00 each or a total of $600.00 per month.
Accordingly, the judgment of October 24, 1974, increasing the amount of the support for the two minor children from $350.00 per month to $400.00 per month is amended and increased.
It is now ordered that defendant in rule, Charles N. Phillips, pay to his former wife, Mrs. Gretchen Phillips, plaintiff in rule, the sum of $600.00 per month for the support of the two minor children, effective September 1, 1975. Costs are to be paid by defendant in rule.
Amended and affirmed.