323 So.2d 851 (1975)
Theresa LoCicero SARPY
v.
Aaron Lester SARPY, her husband.
No. 7124.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
Rehearings Denied January 13, 1976.
Writ Refused March 5, 1976.
*852 Frank J. D'Amico, New Orleans, for plaintiff-appellant.
Gertler & Gertler, David Gertler, Richard J. Ganucheau, New Orleans, for defendant-appellee-appellant.
Before STOULIG, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
This is an appeal from a judgment of the district court which denied permanent alimony and upheld a marriage contract.
On September 1, 1964 Aaron Lester Sarpy married Theresa LoCicero Dresel. It was the second marriage for both parties. Two children were subsequently born of this union. On May 16, 1974, Mrs. Sarpy filed a petition for divorce based upon adultery. She sought injunctive relief and a partition of the community. On July 4, 1974 defendant, A. Lester Sarpy, filed an answer in which he denied the adultery and alleged there was no community of acquets and gains existing between the parties due to a marriage contract entered into on August 31, 1964. This contract provided that there was to be no community of acquets and gains and the parties were to remain separate in property. On July 30, 1974, Mrs. Sarpy filed a supplemental and amending petition alleging that the marriage contract was null and void because it was not executed in accordance with the requirements of the Civil Code. She further alleged the contract was void because of fraud, deceit, ill practices, mistake of law and fact, and lack of consideration. On September 10, 1974 plaintiff filed a second supplemental and amending petition contending that the provisions of Louisiana law pertaining to marriage contracts were unconstitutional under the Seventh and Fourteenth Amendments to the United States Constitution. Defendant answered plaintiff's supplemental and amending petitions alleging the marriage contract was valid and binding and that it nullified the provisions of the community property laws of Louisiana.
On October 24, 1974 a judgment of divorce was rendered in favor of plaintiff. (That judgment was not appealed and is not the subject of this suit.) Subsequently, in a judgment rendered November 19, 1974, this marriage contract was declared valid.
On November 25, 1974 plaintiff filed a motion to tax investigative fees and depositions as costs. On December 2, 1974 plaintiff filed a rule for permanent alimony and child support. In a judgment signed on March 3, 1975, the district court dismissed plaintiff's rule for permanent alimony but ordered defendant to pay child support in the sum of $675.00 per month for each child. The court also denied plaintiff's request for the taxing as costs of investigative fees and depositions.
Plaintiff appeals the judgments recognizing the marriage contract, dismissing the rule for permanent alimony, and denying the taxation of investigative fees and depositions as costs. Defendant appeals the judgment awarding child support. We affirm.
The trial court, after considering the totality of the evidence before it, ruled that the marriage contract was valid in all respects. In its "Reasons for Judgment-Findings of Fact" the court concluded:
"1. Mrs. Theresa LoCicero Sarpy was married and divorced from her first husband, Mr. Albert Dresel.

*853 "2. She had a settlement of the community property of her first marriage.
"3. She knew the meaning of community property and separate property.
"4. Mr. Lester Sarpy was married and divorced from his first wife.
"5. He told Theresa LoCicero and others that he would never remarry without a marriage contract.
"6. Mrs. Theresa LoCicero before her marriage to Mr. Sarpy knew and understood the legal effect and result of a marriage contract.
"7. The marriage contract was signed before a Notary and two witnesses.
"8. Mr. Sarpy and Mrs. Theresa Lo-Cicero `lived together' before their marriage.

OPINION
"The Court is of the opinion that the marriage contract was confected and signed in the manner outlined by the Notary, Mrs. Adele Lamb.
"Mrs. Theresa LoCicero agreed to the marriage contract because she well knew that without a marriage contract Mr. Sarpy would not marry her.
"No fraud was practiced by Mr. Sarpy. Mrs. Theresa LoCicero knew all about the consequences of a marriage contract and entered into the agreement of her own free will.
"No Constitutional question of any nature is involved in this case."
Plaintiff has presented us with absolutely no showing that these conclusions are erroneous. The record indicates that all formalities specified in the Civil Code (LSA-R.C.C. 2325 et seq.) for marriage contracts were complied with and that Mrs. Sarpy was aware of and understood the effects of the contract when she signed it. Furthermore, all cases cited by counsel for plaintiff as authority for the invalidity of the contract are inapposite to the present situation. This was not a premarital contract setting post-marital alimony rights, but one which abrogated the existence of a community of acquets and gains. There is no public policy against such a contract and there is also no constitutional right to community property as evidenced by the fact that the vast majority of states do not use that system. Accordingly, we hold that the judgment of the trial court recognizing the existence of a valid marriage contract is fully supported by the record and is in all respects correct.
Plaintiff also alleges that the trial court erred in dismissing her rule for permanent alimony. The guidelines which a court is to employ in fixing alimony after divorce were recently reiterated in Frederic v. Frederic, La., 302 So.2d 903, 906 (1974), where the Supreme Court stated:
"* * * Alimony awarded upon the authority of Article 160 is a gratuity in the nature of a pension. Hays v. Hays, 240 La. 708, 124 So.2d 917 (1961); Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954).
"As used in Article 160 reference to `means for her maintenance' refers primarily to food, shelter and clothing. Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957); Stabler v. Stabler, 226 La. 70, 75 So.2d 12 (1954).
"The test is not whether the wife has the means to support herself in the manner to which she is accustomed to live, but what will provide her with sufficient means for her maintenance, Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959), the wife having the burden of establishing her necessitous circumstances. Malone v. Malone, 260 La. 759, 257 So.2d 397 (1970). The amount necessary for maintenance of a divorced wife is to be determined by the circumstances of each particular case. Brown *854 v. Harris, 225 La. 320, 72 So.2d 746 (1954); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953).
"And in determining means for the wife's maintenance, her income is not the sole consideration. All of her means must be regarded to determine their sufficiency for her maintenance. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). * * *"
The trial produced testimony to the effect that plaintiff owned $30,000.00 in United States Treasury bills, substantial interests in three pieces of property having a total appraised value of approximately $673,000.00, two long mink coats and one short one, one chinchilla cape, various jewelry, a 1972 Cadillac and furniture purchased for $6,000.00. Mrs. Sarpy also testified that at the time of trial she had $800.00 in her checking account and over $8,000.00 in a savings account.
Based upon this evidence, the trial court did not err in denying alimony. Mrs. Sarpy clearly has sufficient means for her maintenance after considering the totality of her means.
Defendant asserts that due to the fact R.C.C. Art. 160 obligates a wife to show she is free from fault in order to receive alimony, he should be allowed to present evidence to show his wife's fault. He alleges specifically that the principles of Fulmer v. Fulmer, La., 301 So.2d 622 (1974) and Frederic v. Frederic, supra, are not applicable when there has been no separation proceeding and that the judgment of divorce is not determinative on the issue of fault. Due to the fact that we agree with the trial court's finding that Mrs. Sarpy was not in necessitous circumstances and therefore not entitled to alimony, we need not decide at this time whether defendant's contention has merit.
Plaintiff also contends that the trial court erred in dismissing her rule to tax investigative fees and depositions as costs. Plaintiff employed private detectives who followed her husband to Las Vegas and proved that he committed adultery while there. These detectives were deposed, but their depositions were never introduced as evidence at the trial. Clearly, this expense is not taxable as costs, Kommer v. Assenheimer, 174 So.2d 197 (La. App. 4 Cir., 1965). Additionally, at the trial, only one detective testified. He testified only as to the facts which he observed and not as an expert witness. In Griffin v. Yellow Cab Co. of Shreveport, 61 So.2d 225, 229 (La.App. 2 Cir. 1952), the court facing a similar issue ruled:
"We find no merit in the claim for payment of services to the photographer and the civil engineer. These services were rendered at the request and for the particular benefit of supporting plaintiff's claim, and neither of these parties were called to give any scientific or professional testimony or to express any opinion based upon their specialized study or experience, under LSA-R.S. 13:3666. We think the charges for the services rendered were properly incurred and should be borne exclusively by plaintiff."
We fully subscribe to this reasoning and accordingly uphold the judgment of the trial court dismissing the rule.
Finally, defendant avers that the trial court erred in fixing child support in the sum of $675.00 per month for each child. We find no merit to this contention due to the fact that counsel for defendant stipulated at the trial that Mr. Sarpy would be willing and able to pay any amount which the court assigned. Defendant is bound by this stipulation. In any event, children of divorced parents are entitled to be maintained in the standard of living commensurate with that of their father when the financial circumstances of the father permit. Phillips v. Phillips, 319 So.2d 566, 568 (La.App. 4 Cir. 1975). Here, plaintiff presented evidence concerning the needs of her children and the financial resources of her former husband which the trial judge utilized in calculating the child *855 support award. The fixing of child support is within the sound discretion of the trial judge. Phillips v. Phillips, supra. We cannot say that the amount awarded constitutes an abuse of discretion.
The judgment of the district court is affirmed. Defendant is to pay all costs.
Affirmed.
PER CURIAM.
Each party is to pay his/her own costs.