702 So.2d 822 (1997)
Pamela Bush TOUPS, Plaintiff-Appellant,
v.
Lawrence L. TOUPS, Defendant-Appellee.
No. 97-393.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
*823 Ralph W. Brewer, Jr., Baton Rouge, for Pamela Bush Toups.
Diane Sorola, Lafayette, for Lawrence L. Toups.
Before THIBODEAUX, COOKS and SULLIVAN, JJ.
SULLIVAN, Judge.
Pamela Bush Toups filed suit, demanding that her former husband, Lawrence Toups, account for her separate funds that Lawrence allegedly managed while the couple lived under a separation of property regime. The trial court sustained Lawrence's exception of no cause of action, and Pamela has appealed. For the following reasons, we affirm the granting of the exception, but we remand with instructions that Pamela be permitted to amend her petition in accordance with La.Code Civ.P. art. 934.

Facts
Pamela and Lawrence were married on November 16, 1974. Two days before the wedding, the couple executed a premarital contract in which they renounced the legal regime of the community of acquets and gains. They divorced on January 9, 1995.
On December 28, 1995, Pamela filed this suit, alleging that during their marriage Lawrence assumed the management of substantial funds generated from her interior design business. She further alleged that Lawrence funneled these funds into a corporate account, which he controlled exclusively, and did not use them for family or marital obligations, but instead improved his separate estate with them, without reimbursing or accounting for the funds. She also alleged that Lawrence sold the vehicle that she brought into the marriage for $4,000.00 and kept the money for himself.
Lawrence responded by filing an answer and an exception of no cause of action. In the answer, he admitted that from 1986 through 1993 the money Pamela earned from her interior design business was deposited into a corporate account. However, he alleged that he and the corporation returned all of those funds to Pamela. He further alleged that Pamela's net receipts from her business totaled $34,245.23, but that he and the corporation distributed over $66,000.00 to Pamela from 1986 to 1993. He also alleged that the proceeds from the sale of Pamela's vehicle were used to purchase other cars that Pamela used during their marriage and that in 1995 he transferred ownership to Pamela of a 1991 Chevrolet valued at $5,000.00.
Lawrence argued in his exception of no cause of action that Pamela's petition failed to allege a fiduciary relationship that would give rise to a duty for an accounting. The trial court agreed and dismissed Pamela's suit with prejudice. On appeal, Pamela contends the trial court should have found that Lawrence acted as her fiduciary, and, therefore, owes her an accounting, either (1) as the result of their marital relationship or (2) under the general principles of mandate, found in La.Civ.Code arts. 2985, et seq.

Opinion
Pamela first contends that their marital relationship created a fiduciary duty upon Lawrence in the management of her separate funds. In support of this position, she relies upon jurisprudence and Civil Code articles governing the legal community property regime. We find no merit to this argument, which is based upon laws that have been repealed and, further, had no application to spouses separate in property.
Pamela has cited jurisprudence concerning the fiduciary relationship that was created either by the husband's administration of community property as the "head and *824 master" of the community under former La. Civ.Code art. 2404 or by the husband's management of the wife's separate property under former article 2385. The legislature repealed both articles in the 1979 revision of the matrimonial regimes law, effective January 1, 1980. Under the current scheme of equal management, the spouses are not fiduciaries in the management of community property, incurring liability only for fraud or bad faith, and an accounting is owed only for former community property under the control of one spouse at the termination of the community. La.Civ.Code arts. 2346, 2354, and 2369. See also Katherine Shaw Spaht, Accounting Between Spouses Revisited, 48 LA.L.REV. 371 (1987). Regardless, these articles govern only those spouses who have opted for the legal community regime.
Pamela correctly points out that La.Civ. Code art. 2367.1, which governs reimbursement for buildings, other constructions permanently attached to the ground, or plantings, has been applied to spouses separate in property, even though that article appears in the chapter concerning the community regime. See Hawes v. Hawes, 94-1088 (La. App. 1 Cir. 4/7/95); 655 So.2d 357, writ denied, 95-1904 (La.11/3/95); 661 So.2d 1388; Fogg v. Fogg, 571 So.2d 838 (La.App. 3 Cir. 1990), writ denied, 575 So.2d 372 (La.1991). However, Pamela has not alleged that Lawrence used her separate funds for buildings, other constructions permanently attached to the ground, or plantings on his separate property. Further, we do not consider this jurisprudence as authority for applying other provisions of the community regime to a separation of property regime.
Concerning the management of property under a separation of property regime, La. Civ.Code art. 2371 provides:
Under the regime of separation of property each spouse acting alone uses, enjoys, and disposes of his property without the consent or concurrence of the other spouse.
In Sharpe v. Sharpe, 536 So.2d 434 (La. App. 4 Cir.1988), writ denied, 540 So.2d 332 (La.1989), the husband sued his former wife, with whom he had been separate in property, for an accounting and reimbursement of sums advanced to her that he alleged were loans. The trial court sustained the wife's exception of no cause of action, but its decision was based upon the provisions of that couple's premarital contract. The appellate court affirmed, finding the parties intended to prevent such claims by contracting that "neither [party] shall have any economic claim upon the other." Id. at 436. In the case sub judice, the record does not contain the Toups' premarital agreement.
In Hawes, 655 So.2d 357, the husband sought to prove (unsuccessfully) that he used his separate funds to pay the mortgage on his wife's separate property during their separate property regime. In SPAHT & HARGRAVE, MATRIMONIAL REGIMES, § 7.17, n. 16 (1989 & Supp.1996), the authors suggest that, rather than article 2367.1, the situation should be governed by general principles of law, such as mandate or negotiorum gestio. These civilian principles have been contrasted as follows:
The management of another's affairs is the act of a person, who, without having been charged, concerns himself with the affairs of another person, the master of the affair. In certain respects the management of another's affairs resembles the mandate but it is noticeably different; it does not rest on an accord of wills. If the master consents, the result is a mandate.
J. DENSON SMITH, LOUISIANA AND COMPARATIVE MATERIALS ON CONVENTIONAL OBLIGATIONS 417 (4th ed. 1973), quoted in SPAHT & HARGRAVE, § 7.19, at 321, n. 35.
At the trial level, Pamela presented the issue of negotiorum gestio; however, the pleadings suggest that she consented to Lawrence's management of her separate funds. On appeal, Pamela contends that Lawrence acted as her mandatary. The trial court's reasons apparently did not address this argument.
La.Civ.Code art. 2985 defines mandate as "an act by which one person gives power to another to transact for him and in his name, one or several affairs." A contract of mandate is created when the mandatary accepts the mandate. La.Civ.Code art. 2988. The principal bears the burden of proving a contract *825 of mandate. La.Civ.Code art. 2990. See also Woodward v. Steed, 28,676 (La.App. 2 Cir. 9/25/96); 680 So.2d 1320; writ not considered, 96-2648 (La.12/6/96); 684 So.2d 411.
The mandatary is responsible "not only for unfaithfulness in his management, but also for his fault or neglect." La.Civ. Code art. 3003. A mandatary is also obliged to render an accounting, unless this obligation is expressly dispensed with. La.Civ. Code art. 3004. A finding of mandate, however, "does not constitute proof of a debt or liability owed by the mandatary, but merely obliges him or his heirs to render an accounting of his management and to restore to his principal whatever he has received by virtue of his procuration." Savoie v. Estate of Rogers, 410 So.2d 683, 688 (La.1981).
"On review, a dismissal for no cause of action should only be sustained if the well-pleaded allegations of fact in the petition clearly show that, based on the circumstances alleged, there is no remedy under any theory of law." Morgan v. ABC Manufacturer, 93-701, p. 2 (La.App. 5 Cir. 3/16/94); 637 So.2d 1076, 1078. "All facts pleaded in the petition are accepted as true without reference to any extraneous supporting or controverting evidence and all doubts are resolved in favor of the sufficiency of the petition." Id. Additionally, La.Code Civ.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
(Emphasis added.)
Pamela has alleged that Lawrence assumed the management of her earnings, which he placed in a corporate account under his exclusive control. The petition does not include information about the terms of the premarital agreement, how Lawrence obtained possession of the funds, or the purpose and ownership of the corporate account. Although we agree that the exception was properly maintained, we find that the trial court should have afforded Pamela the opportunity to amend her petition to state a cause of action under law of mandate.

Decree
For the above reasons, the judgment of the trial court is affirmed in part and reversed in part, and the case is remanded with instructions that Pamela be allowed to amend her petition within a time to be set by the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.