BROWN, Chief Judge.
11 This appeal is from the trial court’s judgment rendered in an action for declaratory judgment filed by the Succession of Willie Jenkins to have six properties located in Jackson Parish removed from the judgment of possession rendered in the Succession of Thelma Atkins Jenkins.
On January 10, 1975, Willie Jenkins and Thelma Atkins Wilson Jenkins were married. Each spouse had been married previously, and each had children from his/her prior union. Three days before their marriage, on January 7, 1975, Willie and Thelma entered into a Marriage Contract wherein they renounced the community property regime in favor of a separate property regime. This premarital agreement was signed, witnessed and notarized, then filed for registry in the conveyance records of Jackson Parish, Louisiana.
During the marriage, ten properties were acquired. Four of these (tracts described in deeds introduced into evidence as Exhibits # 2, 4, 5 and 11[1]) are co-owned property; they are not at issue in the instant appeal. Two other properties (described in deeds introduced into evidence as Exhibits # 9 and 10) were determined by the trial court to be the separate property of Willie Jenkins; these properties are also not at issue in this appeal. What is at issue in this appeal are the remaining four properties: three were held to be co-owned and thus one-half of each was found to be duly included in the Succession of Thelma Jenkins (properties described in deeds introduced 12into evidence as Exhibits # 1, 3 and 8[2]); and one which the trial court failed to address in its judgment (property described in deed introduced into evidence as Exhibit # 7).
Willie predeceased his wife Thelma. His succession was opened, and an executrix was appointed. Thereafter, Thelma died. Her succession was opened, and a judgment of possession was rendered, placing defendants, Marietta W. Leonard and James Richard Wilson, III, into possession of certain described properties, which included full ownership of the ten tracts referred to above.
*232 The executrix of the Succession of Willie Jenkins asked the heirs of Thelma Jenkins to amend the judgment of possession to reflect the “true ownership” of the ten tracts. The heirs refused, and the instant action for declaratory judgment was instituted by plaintiff. On behalf of the Succession of Willie Jenkins, the executrix sought judgment declaring that at the time of her death, Thelma Jenkins owned an undivided one-half interest in four tracts (those described in Exhibits # 2, 4, 5 and 11) and had no interest in the other six tracts.
The matter was tried solely on the basis of documentary exhibits submitted by plaintiff, which included the marriage license and marriage contract of Willie and Thelma Jenkins; the judgment of possession in Thelma Jenkins’ succession; and ten deeds numbered # 1-5, 7-11.[3] The trial court found two of the tracts to be the separate property of Willie Jenkins |3(# 9 and 10) and therefore improperly included in the judgment of possession of the Succession of Thelma Jenkins. The court then found seven of the tracts to be co-owned property, and declared that only one-half of each was to be included in the judgment of possession in the Succession of Thelma Jenkins. As noted above, one tract (# 7) was omitted from the judgment.
Plaintiff, the Succession of Willie Jenkins, has appealed from the trial court’s judgment, urging error in the court’s determination of the ownership of the properties described in Exhibits # 1, 3 and 8, and in its failure to determine the ownership of the property described in Exhibit # 7. For the reasons set forth below, we reverse in part and render judgment in accordance with reasons set forth herein.

Discussion

The law in effect when Willie and Thelma Jenkins were married (prior to 1980) provided that the regime for married persons was the community of acquets and gains, which exists by operation of law in all cases where there is no stipulation to the contrary. As provided by the legislature in the matrimonial regimes revision, Acts 1979, No. 709, § 1, effective January 1, 1980, spouses living under a separate property regime prior to the Act would continue to do so subject to its provisions. The parties could modify or limit the legal regime and could agree that it would not even exist between them. La. C.C. art. 2332 (1870); McAlpine v. McAlpine, 94-1594 (La.09/05/96), 679 So.2d 85. A matrimonial agreement had to be made by an act before a notary and two witnesses and |4had to be entered into prior to the marriage. La. C.C. arts. 2328, 2329 (1870); Succession of Ventre, 96-559 (La.App. 3d Cir.11/06/96), 682 So.2d 988. The authentic act constituted full proof of the agreement it contained, and was valid as to third persons from the date of its recordation. La. C.C. art. 2332.
Any provision in a marriage contract that is not violative of law or public policy is binding on the contracting parties as long as the contract lasts. Desobry v. Schlater, 25 La.Ann. 425 (1873). There is no public policy against a marriage contract abrogating the existence of a community of acquets and gains. Sarpy v. Sarpy, 323 So.2d 851 (La.App. 4th Cir.1975). The court in Clay v. United States, 161 F.2d 607 (5th Cir.1947), pointed out that the terms in a duly executed prenuptial agreement override any tacit understanding or conduct of the parties during the existence of the marriage.
The trial court’s findings regarding the nature of the property as community or separate are factual determinations. *233 Bhati v. Bhati, 09-1030 (La.App. 3d Cir.03/10/10), 32 So.3d 1107; Biondo v. Biondo, 99-0890 (La.App. 1st Cir.07/31/00), 769 So.2d 94; Harvey v. Amoco Production Company, 96-1714 (La.App. 1st Cir.06/20/97), 696 So.2d 672. In order to reverse a trial court’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Bonin v. Ferrellgas, Inc., 03-3024 (La.07/02/04), 877 So.2d 89; Stobart v. State, 5through Dept. of Transportation and Development, 617 So.2d 880 (La.1993).
In a marriage contract duly executed by authentic act and recorded three days before their wedding, Willie and Thelma Jenkins established a separate property regime. In this agreement, the soon-to-be spouses provided that:
[5]aid intended husband and wife each shall be separate in property. Accordingly, they and each of them does hereby formally renounce those provisions of the Revised Civil Code which establish a community of acquets and gains between husband and wife.
All property and effects of the said husband and wife, whether owned by him or by her at the time of the celebration of said intended marriage, or acquired by him or by her during said marriage, are hereby declared to be separate property, and that of the wife, separate and para-phernal property, and they and each of them does hereby expressly reserve to themselves individually the entire administration of their respective particular movable and immovable property, and the respective free enjoyment of each of the fruits and revenues of each. Each of them did further declare that each individually shall, after the marriage, be responsible for the individual obligations which each has before the marriage, and which each incurs individually after the marriage.
The heirs of Thelma Jenkins, defendants-appellees, argue that one phrase in one sentence in the marriage contract makes “very little sense.” The one-sentence paragraph must be read as a whole. The sentence clearly states that “each of them does hereby expressly reserve to themselves individually the entire administration of their respective particular movable and immovable property, and the respective free enjoyment of each of the fruits and revenues of each.”
| f;There is no evidence that the Jenkinses executed or recorded anything thereafter or otherwise indicated an intent to formally terminate their separate property regime and/or to establish a community property regime. Furthermore, in addition to the contractual regime they established in their marriage agreement, in which they clearly renounced the legal regime of a community of acquets and gains and chose instead a separate property regime for their marriage, the couple renounced the provisions in the Louisiana Civil Code which establish a community property regime between a husband and a wife.
Therefore, the presumption of community afforded by La. C.C. art. 2340, which provides that things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, is inapplicable. See K. Spaht & L. Hargrave, Matrimonial Regimes § 8.2, in 16 Louisiana Civil Law Treatise (West, 2d ed.1997). See Lee v. Lee, 03-1483 (La.App. 3d Cir.03/17/04), 868 So.2d 316; Toups v. Toups, 97-393 (La.App. 3d Cir.10/08/97), 702 So.2d 822.
*234 Although living under a contractual regime of separate property, Willie and Thelma Jenkins apparently occasionally opted to acquire and treat certain assets as co-owned property, such as the four tracts that are not at issue in this case. We note that in these four deeds, the vendee or purchaser is clearly and specifically described as “Willie Jenkins and Thelma A. Jenkins, married to and living with each other....”
There was no evidence whatsoever that Willie and Thelma Jenkins altered the separate property regime they established in their marriage |7contract. The couple’s purchase of several assets together did not manifest an intent to abolish the marital regime they established by contract nor did it somehow convert them marital regime from separate to one of acquets and gains. The trial court erred in concluding otherwise and in applying La. C.C. art. 2340’s presumption of community to the assets at issue in this case.
As noted infra, there was no testimony whatsoever in this case and the only documentary evidence considered by the trial court on classification of the properties at issue was the marriage license and marriage contract of Willie and Thelma Jenkins; the Judgment of Possession in Thelma Jenkins’ succession; and the ten property deeds, seven of which were not signed by Willie Jenkins. We note that he did sign the other three deeds; however, Thelma’s signature appears on none of the deeds. In two of the deeds the purchaser is described as Willie Jenkins. In four of the deeds, the purchaser is listed as Willie Jenkins, and there is varying descriptive language indicating his marriage to Thelma. The only four deeds which describe the vendees/purchasers in the plural and not the singular sense are those which the parties have agreed are co-owned property.
One deed describes the purchaser as “Willie Jenkins, husband of Thelma Jenkins, with who he is living and residing in community.” Another deed describes the purchaser as “Willie Jenkins, married twice, first to Celestine Jenkins (nee Bradford) from whom he is legally divorced and then to Thelma Wilson Jenkins (nee Atkins) with who [sic] he is now living in full community ...”
|sWhen a couple has clearly chosen to be separate in property and has followed the legal prerequisites to accomplish their intent, the mere inclusion of the name of a spouse and one’s marital status in a deed does not, standing alone, constitute evidence of an intent to make an asset community rather than separate. A commonsense reading of the vendee/purchaser language in the deeds in Exhibits 1, 3, 7 and 8 leads to the inescapable conclusion that Willie Jenkins was the purchaser and therefore, without any other evidence to the contrary, these tracts are his separate property and were therefore improperly included in the Succession of Thelma Jenkins.
Having found no reasonable basis for the trial court’s factual findings in this case, and further that the court was clearly wrong in classifying the properties described in Exhibits # 1, 3, and 8 as community rather than separate, we reverse that portion of the trial court’s judgment related to these three tracts. We also find that the property described in Exhibit # 7 is the separate property of Willie Jenkins and therefore improperly included in the Succession of Thelma Jenkins.
Conclusion
For the reasons set forth above, we reverse that portion of the trial court’s judgment recognizing the following described properties (numbered in accordance with the Exhibits and Judgment of *235 Possession in the Succession of Thelma Atkins Jenkins dated July 31, 2008, in Probate Docket No. 5993, Second Judicial District Court, Parish of Jackson, State of Louisiana) as community property or co-owned property belonging to |9Marietta W. Leonard and James Richard Wilson, III, and the Succession of Willie Jenkins:
(1) Lots 33 and 34 of Block 21 of the Village and/or Town of Hodge, Jackson Parish, Louisiana, including all improvements and appurtenances thereunto belonging.
(3) Lot 1 of Block 23 of the Village and/or Town of Hodge, Jackson Parish, Louisiana.
(8) Lot 12 of Block 25 of the Village and/or Town of Hodge, Jackson Parish, Louisiana, together with all improvements and appurtenances thereunto belonging.
We hereby render the following judgment.
It is ORDERED, ADJUDGED and DECREED that the Succession of Willie Jenkins is hereby recognized as the owner of the following property (numbered in accordance with the Exhibits and the Judgment of Possession in the Succession of Thelma Atkins Jenkins dated July 31, 2008, in Probate Docket No. 5993, Second Judicial District Court, Parish of Jackson, State of Louisiana), which is declared to be the separate property of Willie Jenkins:
(1) Lots 33 and 34 of Block 21 of the Village and/or Town of Hodge, Jackson Parish, Louisiana, including all improvements and appurtenances thereunto belonging.
(3) Lot 1 of Block 23 of the Village and/or Town of Hodge, Jackson Parish, Louisiana.
(7) Lot 19 of Block 24 of the Village and/or Town of Hodge, Jackson Parish, Louisiana, together with all improvements and appurtenances thereunto belonging.
(8) Lot 12 of Block 25 of the Village and/or Town of Hodge, Jackson Parish, Louisiana, together with all improvements and appurtenances thereunto belonging.
It is further ORDERED, ADJUDGED, and DECREED that the Judgment of Possession in the Succession of Thelma Atkins Jenkins |, preferred to herein be amended to delete the above four tracts (described in said Judgment of Possession as # 1, 3, 7 and 8). In all other respects the judgment of the trial court is affirmed.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, CARAWAY, MOORE, and LOLLEY, JJ.
Rehearing denied.

. The property in Exhibit # 11 is referred to in the trial court's judgment as No. 7. For purposes of clarity and simplicity, however, throughout this opinion, all properties will be referred to in accordance with their Exhibit numbers.

. The property in Exhibit # 8 is referred to in the trial court's judgment as No. 6.

. For whatever reason, there is no Exhibit #6.