155 So.2d 221 (1963)
Leroy Joseph POYDRAS, Plaintiff-Appellee,
v.
Helen Walker POYDRAS, Defendant-Appellant.
No. 5941.
Court of Appeal of Louisiana, First Circuit.
July 1, 1963.
Joseph A. Gladney, Baton Rouge, for appellant.
Elven E. Ponder, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
*222 ELLIS, Judge.
This is a suit for divorce based upon two years separation. Judgment was rendered by the Family Court granting the divorce. The custody of the two minor children, LeAudrey Lynn Poydras and Cynthia Lucretia Poydras, was granted to the defendant, subject to plaintiff's normal visitation rights. Plaintiff was condemned to pay defendant the sum of $100.00 per month for support of the children. This judgment was signed on October 31, 1962 and a devolutive appeal was perfected therefrom by the defendant, who seeks to have the award for child support increased to $220.00 per month.
The general law is well settled on the question of child support. An appropriate resume of this general law was set forth by counsel for plaintiff which included the following references.
Article 227 of the LSA-Revised Civil Code of the State of Louisiana, deals with the obligation of parents to support their children and reads as follows:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children." (Emphasis ours)
The case of Thornton v. Floyd, 229 La. 237, 85 So.2d 499, 502 recognized this principle in the following language towit:
"We are fully cognizant of the parental obligations of mothers and fathers to support and maintain their children as prescribed by LSA-Civil Code Article 227." (Emphasis ours)
The organ of the court in the case of Black v. Black, 205 La. 861, 18 So.2d 321, also applied the rule of Article 227 of the Revised Civil Code as follows:
"The fact that Mrs. Black is earning more than Mr. Black does not relieve Mr. Black of the obligation of contributing to the support of his children, although it may justify the award of a less amount than would be granted in case Mrs. Black was in necessitous circumstances." (Emphasis ours)
Other pertinent articles of the LSA-Civil Code are as follows:
"Art. 230. By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it. It includes the education, when the person to whom the alimony is due, is a minor."
"Art. 231. Alimony should be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it."
The case of Harris v. Harris, La. App., 127 So.2d 747, contains the following qualification which is applicable to all cases in which the amount of child support due from the father is to be determined:
"And it is well to keep in mind that each case that deals with alimony must, of necessity, be determined on its own facts and circumstances, and the result of one case will not necessarily control that of another due to differing factual circumstances."
We will attempt to apply these basic rules to the questions posed on appeal in the case at bar, subject to the qualifications set forth in the Harris case, cited supra.
Defendant-appellant testified concerning the expenses of her children and her personal expenses. She also introduced an itemized list of expenses which were personal to her. It should be noted that none of these items were substantiated by either corroborative testimony or evidence, both of which should have been quite easy to obtain. A careful review of the testimony and the list submitted concerning the monthly expenses of both children, according to their *223 mother, was made. The items on the list which were supported by the mother's testimony are as follows:

 Tuition (average) 2.00
 50% of home payment 49.50
 Food 60.00
 Utilities 21.33
 Hospitalization 5.06
 Car Maintenance 22.00
 Employment of driver and yard
 worker 13.33
 Toilet articles, drugs, medical &
 dental expenses 15.00
 Beauty parlor 6.00
 Dry cleaning 3.00
 Average cost of school supplies 4.50
 Donations 2.50
 Average cost of school lunches 6.00
 Piano lessons 8.66
 Recreation 4.00
 Care of pets 1.20
 Clothing 25.00
 _______
 Total $249.08

In addition, we have the personal expenses which defendant-appellant claimed were to be paid each month from her own personal income. A list was submitted on these expenses also and the items on the list which were supported by the wife's testimony were the following:

 50% of home payment 49.50
 Food 30.00
 Utilities 10.67
 Hospitalization 2.53
 Car maintenance 11.00
 Driver & yard worker 6.67
 Medical & dental expenses 20.00
 Beauty parlor 4.50
 Drugs & cosmetics 5.00
 Dry cleaning 2.00
 Clothes 35.00
 Church and other donations 14.00
 Social organizations 5.00
 Income tax 35.50
 Retirement 18.00
 Life insurance 31.90
 Newspapers & journals 2.50
 _______
 Total $284.77

The mother's gross income was $360.00 per month for 12 months and she was employed at Southern University. The father's net income as a school teacher was $488.94 per month for 10 months or $4,889.40 per year. This amounts to an average of $407.45 per month "take home" pay. Certain evidence was introduced to establish that the plaintiff often obtained additional income during the summers from teaching summer school or alternatively, from scholarships granted by the Science Institute. The plaintiff testified that there was a possibility that he would obtain a scholarship during the summer of 1963, but that this was not verified at the time of the trial. No conflicting proof was introduced to the effect that the scholarship had actually been granted. Defendant-appellee would be employed to teach summer school in 1963. Therefore, the item of summer income was so uncertain and indefinite that it is felt that it should be disregarded for the purposes of these proceedings.
The father (without corroboration also) testified that his monthly expenses were as follows:

 Note on car 83.50
 Installment on furniture for his
 apartment 75.00
 Rent for apartment 37.50
 Installment on a note to City
 National Bank 24.00
 Installment due to Dial Finance 31.00
 Utilities per month 12.00
 Brothers rent per month 15.00
 Car maintenance 30.00
 Food 35.00
 _______
 Total $360.20

Although $17.20 was listed as a note to Commercial Tire Company, this note is not taken into consideration since plaintiff only had two more payments at the time of the trial. It was explained that the $15.00 item for renting an apartment for plaintiff's brother was being paid by plaintiff while his brother was attending college. This is an unusual expense, but this small amount, if disallowed, would not alter the findings in this case. There is *224 a balance of approximately $128.00 out of which the trial court's judgment will require a payment of $100.00 therefore plaintiff will have out of his proven income only about $28.00 per month for miscellaneous expenses including medical and dental expenses, clothing, recreation and any other usual and unexpected expenses not itemized.
It was stipulated at the time of the trial that plaintiff and defendant had entered into a community property settlement, in which plaintiff obtained $3,000.00 and whatever equity the community might have in the car and furniture which he was purchasing. In return, his wife obtained plaintiff's equity in the home, the other family car and all household furniture and equipment.
Counsel for defendant argues that plaintiff could have used this $3,000.00 to pay off his indebtedness on his car and his furniture, and he would then be in a position to increase his support payments to his children. It was not provided in the community property settlement that this $3,000.00 would be applied to current installments obligations by plaintiff. Furthermore, it should be noted that this $3,000.00 even if retained by the plaintiff and not used for living expenses, constitutes plaintiff's capital assets. There is no income from this capital. The amount of cash which the plaintiff obtained in the community property settlement will be disregarded insofar as the case at bar is concerned.
At this time some of the questionable items of expense listed by the defendant will be considered. The wife testified, in effect that the maintenance of her car was a necessity since it was used to take the children to school. Defendant further testified that the school was too far away for them to reach on foot. No distances were stated in regard to this point. An individual was allegedly employed to drive the children to and from school and to care for the lawn of their home at a total salary of $20.00 per month. Not one word of supporting testimony or any explanation of why the children could not ride their bicycles to school was given. If the school was actually too far to reach on foot, or by bike, no explanation was made concerning the children's failure to use a school bus. Therefore, these items of expense totaling $53.00 per month are not found to be sufficiently proven and will be disallowed for the purpose of these proceedings.
The wife testified further that the food for the children totalled $60.00 per month. School lunches took another $8.00 per month during school months. The item for school lunches over the year thus averages $6.00 per month. It is felt, without further proof, that this expense should have been included in the $60.00 per month for food.
Toilet articles, drugs, medical and dental expenses were listed at $15.00 per month. Without corroboration, this item is considered excessive. Clothes are listed at $25.00 per month, although plaintiff testified that the children's godmother sewed for them. Without further corroboration this item is also considered excessive.
It is found in the record, as presently constituted, that the children's itemized expenses are apparently inflated. The defendant bears the burden of proving each item with particularity. This she had not done.
In addition we will mention items of expenses personal to the defendant which are considered luxuries, or under the circumstances, unnecessary expenses which are insufficiently proved. These are employment of a driver and yard worker of $6.67; $20.00 medical and dental expenses; $35.00 for clothing; $14.00 for church and other donations; $5.00 for social organizations (which organizations are not even named), and life insurance at $31.96 per month.
Counsel for defendant cites the cases of Williams v. Barnette, 226 La. 635, 76 So. *225 2d 912 and Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, as authority for increasing the amount of child support in the case at bar. A detailed review of these two cases is not necessary as they have been examined and each has been found to be both inapposite and easily distinguishable from the case at bar on the respective facts presented in each case. As noted above, a case such as this "must, of necessity, be determined on its own facts and circumstances."
The case of Lytell v. Lytell, La.App., 144 So.2d 925, also cited in support of defendant's position, was not a final decision. The main point in the case was the failure of the trial court to consider the earnings of the second wife in arriving at a proper amount for alimony. This failure was held to be prejudicial error, and the judgment was reversed and the case was remanded to the trial court for further proceedings.
For the reasons assigned the judgment of the Family Court is affirmed and all costs of this appeal are taxed to the defendant, Helen Walker Poydras.
Affirmed.