BARHAM, Judge.
From judgment on a rule awarding $200.00 per month alimony pendente lite for the plaintiff wife and $375.00 per month for the support of three children, and an additional alimony award of $253.18 per month, which represents the mortgage note payment on the home, plaintiff has appealed, assigning as error that the defendant’s ability to pay and plaintiff’s needs justified a larger award. At the time of the trial on the rule the husband was earning approximately $1,700.00 per month and the total award made by the lower court for alimony for the wife and support of the children is $828.18.
Alimony pendente lite for the support of the wife and children should be based upon the ability of the husband to pay and in consideration of the needs of the parties receiving the payments. LSA-C.C. 148 and 231. The trial judge is vested with much discretion in determining the amount of alimony; Russ v. Russ, La.App., 126 So.2d 854 (2d Cir., 1961); Daly v. Daly, La.App., 164 So.2d 391 (2d Cir., 1964); Smith v. Smith, La.App., 185 So.2d 830 (2d Cir., 1966).
There is no need for detailed analysis of the testimony and exhibits showing earning power of the husband and the needs and customary living standards of the wife and children. The award of the lower court is neither excessive in relation to the defendant’s ability to pay, nor is it insufficient to meet the needs of the wife and children. From our reading of the record we find no abuse of the trial court’s discretion in the instant case.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant.