PRICE, Judge.
Patricia Walton Maddox secured a separation from bed and board from her husband, Clemett Maddox, on July 30, 1969. On trial of a rule returnable on July 14, 1969, custody of their nine-month-old child was awarded to the mother, together with the sum of $85.00 per month for the child’s support and maintenance. Clemett Maddox has appealed from the judgment ordering him to pay support, assigning as error that the trial judge committed manifest error in awarding this amount.
The evidence reflects that Mrs. Maddox is employed and earns $425.00 per month. She testified that the average monthly expenses for the child amount to $145.00 per month. Included in her itemization of expenses are two items which are questioned by appellant. Mrs. Maddox contends she pays $70.00 per month to her mother to care for the child while she is at work. The other questioned item is the estimate by Mrs. Maddox that food and milk for the child cost $45.44 per month.
Appellant argues that it is incumbent on Mrs. Maddox to produce corroborating testimony that she is actually paying the sum of her mother for child care, and that in the absence of corroborating testimony, this item cannot be allowed. The case of Poydras v. Poydras, 155 So.2d *724 221, 1 A.L.R.3d 317 (Ct.App. 1st Cir., 1963), is cited for this position. In that case a wife was seeking an increase in an already existing support award and the court merely found that she had not borne the burden of showing changed circumstances by presenting corroborating evidence in addition to her own testimony. We do not consider the case cited makes it necessary for a wife to bring into court the person performing'the service for her to prove the expense, particularly where the expense involved is a customary and usual expense that would normally be incurred by a working mother. The amount being paid for the service does not appear unreasonable, and appellant does not seem to question its reasonableness but only the fact of its being paid, since the babysitter is the child’s grandmother. We know of no reason why the grandmother should not be entitled to payment for performing this work just the same as an unrelated party, and we are of the opinion that the sworn testimony of the plaintiff that she is paying this expense, unrefuted by evidence of defendant, is sufficient to allow the court to consider it as a necessary expense. Although appellant questions the estimate of $45.44 allowed for food and milk, no evidence was adduced to rebut this item or to show it unreasonable.
Appellant further complains that the trial judge did not give proper weight to the limited ability of appellant to pay because of his earnings of approximately $400.00 per month, out of which he had fixed monthly payments of $233.00 on installment indebtedness.
The trial judge reviewed the lack of paying ability of defendant in his reasons for judgment and correctly stated the law of this State in holding that the needs of the child have priority over the indebtedness of the father. The trial judge further recognized in his reasons for judgment the obligation of both father and mother to furnish support for the child, and took this principle into consideration in fixing the amount to be contributed by the defendant.
The jurisprudence of this State has vested a wide discretion in the trial judge in determining the amount of child support a father should pay, and this discretion should not be interfered with on appeal unless it has been manifestly abused. Burke v. Burke, 206 So.2d 799 (Ct.App.2d Cir., 1968), and cases cited therein.
. We can find no manifest error in the finding of the trial judge in determining the support to be paid by appellant herein and it is therefore ordered that the judgment appealed from be affirmed at appellant’s cost.