335 So.2d 787 (1976)
John Prewitt NELSON, Jr.
v.
Sally Stafford NELSON.
No. 10787.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*788 Ashton L. Stewart, Baton Rouge, for appellant.
Donna M. Lee, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge.
This is an appeal by the plaintiff-defendant in rule, John Prewitt Nelson, Jr., from a judgment of the Family Court, East Baton Rouge Parish, Louisiana, awarding the defendant-plaintiff in rule, Sally Stafford Nelson, the sum of $750.00 per month for the support of their minor child, Douglas Nelson, and making the child support retroactive to the date of the judgment of divorce, May 31, 1974.
The question of child support arose out of the separation and divorce actions between the parties. At the time of the divorce, the Family Court pretermitted fixing child support, because the question of temporary child support was then under consideration by this Court of Appeal and the parties agreed to await the decision of the appellate court. On December 16, 1974, this court rendered judgment affirming the lower court's award of temporary child support. Shortly thereafter, a rule was filed by the plaintiff in rule to set child support after divorce. After hearing the rule, the Family Court fixed child support at $750.00 monthly.
We have reviewed the testimony and other evidence in this matter, and conclude that the trial judge's award is fair to both parties and reasonably fits the needs of this young child, who was 7½ years old at the time of the hearing.
The evidence shows that the father of the child has extensive property holdings and investments, and that he has a net worth of one million dollars. His financial ability to pay the child support awarded is established by the evidence. The appellant, in considering his financial condition and circumstances concludes that he only has $700.00-$800.00 "free income;" and thus that the award is excessive.
It is not only "free income" of the father that is to be considered in setting child support, it is the totality of the father's financial ability and circumstances. See Bernard v. Bernard, 300 So.2d 499 (La.App., 3 Cir. 1974).
The appellant also contends that the mother as well as the father is obligated to support their children. No one disputes this rule; it is well settled. See Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956).
Article 227 of the Louisiana Civil Code sets forth the obligation of both father and mother to support their children. This duty to support the children of the marriage extends to whatever is "necessary for the nourishment, lodging and support" of the children and is to be granted in "proportion to the wants of the person requiring it, and the circumstances" of the persons who are obligated to pay it. LSA-C.C. arts. 230 and 231; Frazier v. Frazier, 318 So.2d 625 (La.App., 2 Cir. 1975). The record does not show any gainful employment by the wife that can be depended on and does not show any financial ability to contribute anything toward the child's support at this time.
Moreover, the courts have recognized other ways in which a mother can satisfy her obligation of child support.
In Fall v. Fontenot, 307 So.2d 779, 781 (La.App., 3 Cir. 1975), the court said:
"Certainly, when the mother provides housing, cooks food, washes clothing, and does the many other day to day services for a child, this to some extent satisfies the mutual obligation of supporting children contemplated by LSA-C.C. art. 227, perhaps over-emphasized by Manuel v. Broderson, supra. (298 So.2d 333, La.App.)"
The appellant contends the main issue is the "needs" of the child, and that the trial judge disregarded "the law relative to burden of proof" in fixing the amount of child support. The appellant places great emphasis on an itemization of the "needs" of the child as showing that the award was *789 excessive. Poydras v. Poydras, 155 So.2d 221, 224 (La.App., 1 Cir. 1965); 1 A.L.R.3d 317. A careful reading of the Poydras case reveals that the court did not solely rely on the itemization of "needs" to fix the child support. If Poydras can be construed to mean that the "needs" of the child must be itemized with particularity, then we would say that Poydras overemphasized the "itemization of the needs" of the child as a requisite for child support. An "itemization of needs" of the child is merely one way of showing the needs of a child. A "child's needs" just does not lend itself to a "by-the-numbers" approach for resolution. There is no magic mathematical formula available to solve the problem. See Fall v. Fontenot, supra, 307 So.2d at 781. There is not any one approach that is satisfactory in all cases. A case for child support, as the Poydras court recognized, and as we recognize ". . . must, of necessity, be determined on its own facts and circumstances. . .", Harris v. Harris, 127 So.2d 747 (La.App., 3 Cir. 1961); see also, Litton v. Litton, 299 So.2d 458 (La.App., 2 Cir. 1974).
In fixing child support, the trial judge is vested with wide discretion; only manifest abuse of the discretion will move the appellate court to disturb the award of the trial judge. Fellows v. Fellows, 267 So.2d 572, 575 (La.App., 3 Cir. 1972). We find no abuse of this discretion. We affirm at appellant's costs.
AFFIRMED.