WATKINS, Judge.
This is an appeal from a judgment of a trial court refusing to award a former wife an executory judgment for past due child support payments, denying attorney’s fees to the former wife, and refusing to hold the husband in contempt of court for failing to make child support payments in the amount fixed in a prior judgment, the amount of payments having been made rather in a reduced amount in accordance with subsequent agreement of the parties. We affirm the judgment of the trial court.
On December 18, 1978, a judgment of divorce was issued dissolving the marriage of Claude A. Nichols and Margaret Kerry Nichols. The mother, Margaret Kerry Nichols, was granted custody of the four children born of the marriage. The husband was ordered to pay child support in the amount of $80.00 per week.
On June 21,1979, the husband filed a rule for reduction of child support as two children had attained age 18. The wife thereupon filed a rule to increase child support. The rules were fixed for hearing. Before *1110 the hearing took place, husband and wife agreed to reduce child support to $200.00 per month, beginning September 1, 1979. The husband’s attorney was to reduce the informal agreement to a written judgment and present the judgment to the court for signature.
The husband commenced making child support payments in the sum of $200.00 per month. Despite correspondence between counsel for Mr. and Mrs. Nichols, the attorney for Mr. Nichols procrastinated, and failed ever to present the judgment that counsel had agreed was to be prepared to the court for signature.
The wife then filed the rule upon which the present appeal is based seeking to make the $80.00 per week judgment for child support executory as to the difference between $80.00 per week and the $200.00 per month paid in accordance with the informal agreement, and attorney’s fees, and seeking further to have the father held in contempt of court.
As the husband and wife agreed to a reduction of child support to $200.00 per month, and as the wife accepted checks in that amount paid by the husband each month in accordance with that agreement, the wife waived the right to receive checks in the greater amount of $80.00 per week on behalf of their children. Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979); Dubroc v. Dubroc, 380 So.2d 672 (La.App. 4th Cir. 1980), affirmed 388 So.2d 377 (La. 1980).
The wife having waived child support in the greater sum, she is not entitled to attorney’s fees and the husband cannot be considered to have been in contempt of court.
The judgment of the trial court is affirmed; at appellant’s cost.
AFFIRMED.