434 So.2d 1161 (1983)
Jeri Ann H. FLYNN
v.
Thomas James FLYNN.
No. 82 CA 0887.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1162 Michael W. McKay, Baton Rouge, for plaintiff-appellee, Jeri Ann H. Flynn.
Donn Moss, Baton Rouge, J.N. Prather, Jr., Lafayette, for defendant-appellant, Thomas James Flynn.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Defendant-appellant, Thomas James Flynn, appeals the trial court's increase in the award of child support from One hundred fifty and no/100 ($150.00) Dollars per month to Two thousand and no/100 ($2,000.00) Dollars per month.
The Flynns were married in Woodville, Mississippi, on September 27, 1964, and subsequently established their matrimonial domicile in East Baton Rouge Parish. Two children, Ethan Alexander Flynn and Melinda Bayley Flynn, were born of this marriage.
On January 31, 1980, plaintiff-appellee, Jeri Ann H. Flynn, filed a petition for separation alleging that defendant had abandoned her without lawful cause. In her petition, she prayed for a judgment of separation, custody of their minor children subject to reasonable visitation rights, and for child support and alimony pendente lite.
The trial court awarded her a separation and custody of the children. By mutual agreement, plaintiff was awarded Three thousand, one hundred fifty and no/100 ($3,150.00) Dollars per month. The monthly award was divided as follows: Alimony pendente lite $3,000.00, child support $150.00.
On May 12, 1981, a final judgment of divorce was granted to plaintiff. Custody of the children and the award of child support and alimony were continued. Subsequently, defendant filed a petition for termination or reduction of permanent alimony. In such petition, he alleged that plaintiff was now gainfully employed as an attorney and was no longer in necessitous circumstances. Defendant further prayed that he was willing to voluntarily increase the sum of child support to Four hundred and no/100 ($400.00) Dollars per month.
In its oral reasons for judgment, the trial court found that defendant's financial situation had substantially changed since the setting of the award. It also found that plaintiff now had sufficient means with which to support herself. Accordingly, the award of permanent alimony was terminated. Further, based upon the testimony and evidence presented at trial, the award of child support was increased from One hundred fifty and no/100 ($150.00) Dollars per month to Two thousand and no/100 ($2,000.00) Dollars per month. Additionally, arrearages for child support and permanent alimony in the amount of $12,525.00, subject to a credit of $2,000.00, or $10,525.00, together with attorney's fees in the sum of $750.00 and costs of the rule were made executory.
Defendant assigns as error, the trial court's: (1) finding that plaintiff had sustained the burden of proof imposed upon her when seeking an increase in child support, (2) increasing the award of child support to Two thousand and no/100 *1163 ($2,000.00) Dollars per month from One hundred fifty and no/100 ($150.00) Dollars per month, and (3) awarding plaintiff back alimony and child support.
Defendant first asserts that plaintiff has failed to sustain her burden in proving a change in circumstances sufficient to warrant an increase in child support payments. The burden one has, seeking to change or modify any child support award, is to show that there has been a clear change in the needs of the persons requiring it as compared to the person obliged to pay it. L.S. A.-C.C. art. 227; Gennaro v. Gennaro, 323 So.2d 513 (La.App. 4th Cir.1975); and Morace v. Morace, 220 So.2d 775 (La.App. 1st Cir.1969).
In addressing defendant's first contention, we find that the record clearly reflects an acquiescence by both parties to the need for modifying the child support award, to-wit:
"THE COURT: The court at this time finds that by virtue of her law practice, Mrs. Flynn is earning a sufficient amount which is sufficient for her own maintenance, but the court believes further that the amount of child support should be increased.
"THE COURT: Does counsel have any objection to the court considering that phase of it? I don't know if there was a specific rule for an increase in child support or not.
"MR. MOSS: Your Honor, the way my petition was styled in asking for the rule nisi, we specificially [sic] asked that the alimony be terminated, but the child support be elevated to the sum, I think, $400.00 per month.
"THE COURT: Well, do you stipulate that the court may fix that in such other amount as it may be deemed reasonable then?
"MR. MOSS: I think we should because we would just simply have to come back in and do it again.
"THE COURT: Yes, sir. Any objection to that?
"MR. McKAY: No, sir.
"THE COURT: I just don't want a technical objection raised on appleal [sic], gentlemen."
We find that the trial court found the monthly incomes of Mr. and Mrs. Flynn to have changed. As such, the ability of the one obliged to pay had changed. Further, both parties acquiesced in this matter. Defendant cannot now be heard to complain that this burden was not met. Accordingly, this assignment of error is without merit.
Second, defendant asserts that the child support award set at trial is excessive and a clear abuse of the trial court's discretion. It is well settled that fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. L.S.A.-C.C. art. 227. The degree of support required is determined by the needs of the child as well as the circumstances of those who are obligated to pay. L.S.A.-C.C. art. 231; Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2nd Cir.1982); and Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir.1976).
The record reflects that upon separation, plaintiff and defendant agreed that the plaintiff and their two children required monthly support in the amount of $3,150.00 per month. This amount was divided between alimony ($3,000.00) and child support ($150.00) based upon tax consideration of both parties. Further, the record clearly reflects that the monthly household expense was $2,690.62. While the needs of the children have not increased, the trial court found as a matter of fact that Mr. Flynn's ability to pay had changed. Accordingly, it decreased Mr. Flynn's total payment due his former wife and their children from $3,150.00 to $2,000.00 per month.
The trial court, granted much discretion in its awards, will not be disturbed unless there is a clear abuse of discretion. Bettencourtt v. Bettencourtt, 407 So.2d 804 (La.App. 4th Cir.1981); and Youngblood v. Youngblood, 329 So.2d 896 (La.App. 2nd Cir.1976). We find this award to be within the discretion of the trial court. The trial *1164 court had sufficient evidence before it to make a determination under the provisions of Article 231 of the Civil Code. Accordingly, this assignment of error is without merit.[1]
Finally, it is asserted that the trial court erred in awarding arrearages in the amount of $10,525.00. Defendant contends that the award as previously agreed upon was extrajudicial in nature and, as such, not enforceable by the courts. This logic overlooks the fact that this agreement was made part of the judgment of separation and divorce and, as such, is enforceable.
Defendant further asserts that plaintiff agreed to a waiver of the amount set in the judgment of divorce and cannot now be heard to complain of the past amounts due in that she accepted the checks as written. See Nichols v. Nichols, 400 So.2d 1109 (La.App. 1st Cir.1981).
In matters of child support, the only way a judgment of the court can be extra-judicially modified is where there is a specific agreement between the parties, and the agreement does not act to the detriment of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Nichols, supra. Mere acquiescence to a unilateral reduction of child support will not modify the judgment of the court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). We see no reason alimony to the wife should be treated differently from the rule concerning modification of child support. Since the record in this case will not support a finding of an agreement between the parties to reduce alimony to the wife, the arrearages are owed. Ahlers v. Ahlers, 384 So.2d 474 (La.App. 2nd Cir. 1980).
For the above and foregoing reasons, judgment of the trial court is affirmed. Defendant, Thomas James Flynn, is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] In considering the issue of the wife's obligation toward the support, maintenance, and education of the children, we conclude that her earnings are insufficient at this time to warrant a greater monetary contribution than she is presently providing. We note she is presently contributing at least $690.62 monthly to the household expenses.