CHEHARDY, Judge.
This is an appeal by Dr. John J. Water-meier, III, from a judgment ordering him to pay his divorced wife, Olga Stone Water-meier, the amount of $1,400 a month in child support for their 3y2-year-old child, Christopher Jude Watermeier. (That judgment also ordered Dr. Watermeier to pay all medical expenses in excess of $10 a month, all dental expenses, and all school tuition and school-related expenses of the minor child in excess of $50 a month; those provisions, as well as others relating to other matters, have not been appealed.)
Child support was originally set at $750 a month, plus tuition, medical, and dental bills, by a consent judgment in which the parties stipulated,
“[CJhild support is to remain in force and effect until July 10, 1982, at which time failure by the parties to mutually agree to future child support shall afford either party the right to petition this Court for a res nova determination of child support without need to show change of circumstances * *
Accordingly, change of circumstances is not an issue on this appeal.
The testimony established that Dr. Wat-ermeier has a gross income of more than $200,000 a year. His salary alone is $15,000 *521 a month, and his take-home pay is in excess of $8,000 a month. He presented no evidence as to his living expenses. There is no question he is financially able to pay the amount of child support awarded.
Mrs. Watermeier does not work outside the home, but receives an income from a family business in which she owns an interest. Her gross monthly income is about $1,700 a month; of this, she nets about $1,250 a month. She does not receive alimony from Dr. Watermeier. Her expense list shows her own expenses as $1,968 a month, and her expenditures for Christopher as $1,537 a month. Included in the expenses for Christopher are one-half of the amounts Mrs. Watermeier pays for the house mortgage note, homeowners insurance, maintenance for the house and yard, food and household utilities. The other amounts listed are for expenses incurred solely on behalf of the child.
Dr. Watermeier’s only contention on appeal is that he is “being forced to pay costs which are out of proportion to a 3½ year old’s needs even considering a rather comfortable standard of living.” He challenges specific costs shown on the expense list, alleging these amounts are excessive, and suggests lesser amounts which would reduce his liability to about $920 a month.
Child support should be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. art. 231; Ducote v. Ducote, 339 So.2d 835 (La.1976).
If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Ducote v. Ducote, supra; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (La.1953). In fixing the amount of support, the trial judge is vested with considerable discretion; support awards will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Ducote v. Ducote, supra; Guice v. Guice, 411 So.2d 663 (La.App. 4th Cir.1982).
The following costs are specifically challenged by Dr. Watermeier: mortgage, $500 (Christopher’s half); maintenance and repair (housecleaning services), $60 (Christopher’s half); clothing, $95; furniture, appliances and linens, $70; toys, $100; babysitting, $150; and entertainment, $110.
The trial judge’s lengthy oral reasons for judgment make it clear that he considered all the factors required by law:
“I haven’t heard anybody to testify against the reasonableness of these expenses by Mrs. Watermeier; I’ve only heard questions that could be classified as implications or insinuations but no direct rebuttal have I heard. Dr. Watermeier has not testified that he objects to any of these as reasonable expenses and therefore I have to assume that they are and I have to assume that they are reasonable and consonant with her ability and the total income of the parents to be involved. * * *
“When we next consider how much of those expenses must be paid by Dr. Wat-ermeier, and how much must be paid by Mrs. Watermeier, we have to consider the respective abilities of the parents. * * * “ * ''' * I haven’t heard any of Dr. Wat-ermeier’s expenses, but I did hear the expenses of Mrs. Watermeier * * * I haven’t heard any of Dr. Watermeier’s expenses; * * * he didn’t elaborate as to what his expenses are, and that was by his own choice. * * * [I]f we assume that her expenses are $2,000 a month, $1,968, but for rounded-out figures we’re talking about $24,000 a year expenses and * * * $15,000 net income, we’re talking about a $9,000 deficit each month * * * and that’s not counting the expenses of the child. I see where her income and according to her expenses that are listed and in accordance with the style in which she was accustomed to living prior to the separation with Dr. Watermeier is not elaborate or not any more than what it was before; * * * just to be safe and say that maybe some of these have not been fully explained, I’m going to say $1,400 a month in child support * * * ”
*522 Although some of the amounts on the expense list are very high (such as the amounts for toys, entertainment and furniture), the trial judge took that into consideration. The other amounts challenged we do not find unreasonable, considering the income levels of the parties. In light of all the factors involved, particularly the Wat-ermeiers’ pre-divorce standard of living and Dr. Watermeier’s very large income, we find no clear abuse of discretion by the trial judge.
Accordingly, the judgment of the district court is affirmed. Costs for this appeal are to be paid by appellant.
AFFIRMED.