438 So.2d 256 (1983)
Emilio C. GARCIA
v.
Alma Ludwig, Wife of Emilio C. GARCIA.
No. 13170.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1983.
Liskow & Lewis, Stephen T. Victory, New Orleans, for plaintiff-appellant.
Reed & Reed, Bruce G. Reed, New Orleans, for defendant-appellee.
Before GARRISON, AUGUSTINE and CIACCIO, JJ.
GARRISON, Judge.
This is an appeal by a non-custodial parent from a district court judgment awarding child support of $1700.00 per month for the support of one minor child.
Emilio Garcia brought an action for divorce against his wife, Alma Ludwig Garcia, on September 9, 1981, on the grounds of living separate and apart for more than one year from the date of a judgment of separation from bed and board. Mrs. Garcia answered and sought custody of the couple's thirteen-year-old son, Eric,[1] as well as *257 a continuation of a support award contained in the earlier judgment of separation.[2]
After a hearing on the merits, the trial court entered a judgment of divorce in favor of plaintiff and against defendant, and awarded Mrs. Garcia custody of Eric and $1700.00 per month for child support. Emilio Garcia appeals from that judgment, contending that it is so excessive as to constitute an abuse of discretion. The thrust of his argument is that the amount awarded far exceeds the criteria of reasonable needs of the minor, and a more reasonable figure to meet those needs would be from $500-$700 per month.
LSA-C.C. Article 227 imposes on parents a mutual obligation of support, maintenance and education of their children. The degree of support is determined by the needs of the child, as well as the circumstances of those who are obligated to pay it. Guinn v. Guinn, 405 So.2d 620 (La. App.3d Cir.1981); Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978); Marcus v. Barnett, 282 So.2d 122 (La.1973).
The record reflects that Mr. Garcia is a naval architect in the City of New Orleans, and that he has extensive property holdings and investments. Although neither his gross nor net income was established, the evidence indicates that he apparently has a net worth of well over $800,000. His financial ability to pay the amount awarded is clearly established by the evidence.
Moreover, it is evident from the record that Mr. Garcia has over the years enjoyed a high standard of living because of his income and investments.[3] The mode of living created by Mr. Garcia allowed his family almost unlimited financial freedom, including expensive ski vacations, frequent travel, vacation homes, opera, theater and symphony subscriptions, and numerous other privileges made possible by Mr. Garcia's financial status. In short, Mr. and Mrs. Garcia and their son Eric have enjoyed an extravagant lifestyle, both before and after the spouses' separation.
Appellant contends that the primary issue is the "needs" of his son, and places great emphasis on an itemization of those needs to show that the award was excessive. We are convinced, however, that a court need not rely solely on an itemization of needs to fix the amount of child support. In discussing this issue, the appellate court in Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir.1976), stated:
"An itemization of needs' of the child is merely one way of showing the needs of a child. A `child's needs' just does not lend itself to a `by-the-numbers' approach for resolution. There is no magic mathematical formula available to solve the problem. See Fall v. Fontenot, supra, 307 So.2d [779] at 781. There is not any one approach that is satisfactory in all cases. A case for child support, as the Poydras court recognized, [155 So.2d 221 (La.App. 1st Cir.1965)] and as we recognize `... must, of necessity, be determined on its own facts and circumstances...', Harris v. Harris, 127 So.2d 747 (La.App., 3 Cir. 1961); see also Litton v. Litton, 299 So.2d 458 (La.App., 2 Cir.1974)." 355 So.2d at 789.
The courts of this state have consistently recognized that child support should be provided not only in proportion to the needs of the child, but also in proportion to the circumstances of the parent who is to pay. Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir.1972). In Fellows, the appellate court reasoned that "... (c)hildren are thus entitled by birthright to a life harmonious with the father's station." 267 So.2d at 575.
*258 The Louisiana Supreme Court discussed this concept at some length in Ducote v. Ducote, 339 So.2d 835 (La.1976), wherein it stated:
"If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Sarpy v. Sarpy, La.App. 323 So.2d 851 (1975), cert. denied, La., 328 So.2d 166 (1966); Phillips v. Phillips, La.App., 319 So.2d 566 (1975)." 339 So.2d at 838.
See also Updegraff v. Updegraff, 421 So.2d 1165 (La.App.2d Cir.1982); Prados v. Prados, 341 So.2d 1286 (La.App.3d Cir.1977).
Although the record fails to substantiate the actual basic expenses for Eric's support as being $1700.00 per month, nevertheless we cannot ignore the obvious ability of Mr. Garcia to pay according to his income and station in life, and the luxuries and enjoyment to which Eric was accustomed when the family was together.
The trial court is vested with considerable discretion in fixing child support payments, and it is only where there is a clear abuse of that discretion that appellate courts will disturb the trial court's awards of support. Fellows v. Fellows, supra; Ducote v. Ducote, supra; Nelson v. Nelson, supra.
After careful review of the record, we find that the award of $1700.00 per month made by the trial court for child support, while extremely generous, is not excessive. We therefore find no abuse of the trial judge's discretion.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be assessed against appellant.
AFFIRMED.
NOTES
[1] The couple actually has four children; the others, however, have attained majority.
[2] That judgment, No. 242-377 of the 24th Judicial District Court for the Parish of Jefferson, awarded Mrs. Garcia $250.00 per month child support, plus Eric's school tuition and other educational expenses and medical and other insurance premiums, as well as $1250.00 per month alimony pendente lite, all expenses of the operation of White Oaks farm (the residence of Mrs. Garcia and Eric), and all monthly notes on all immovable property, vehicles and life insurance policies owned by the couple.
[3] Mr. Garcia testified that prior to the separation of the parties in July 1980, the monthly household expenses for the family totalled some $15,000 per month.