SAVOIE, Judge.
Appellant and plaintiff-in-rule herein, Cecelia Calamari Garrick, appeals the trial court’s denial of an increase in child support as well as its refusal to award an additional $300.00 arrearage allegedly mutually agreed upon.
On July 29, 1977, Hoyt M. Garrick, Jr., appellee and defendant-in-rule, was granted a separation from bed and board. In such judgment, appellee was ordered to pay child support in the amount of $100.00 per month. On November 6, 1978, appellee was granted a divorce a vinculo matrimo-nii. Such judgment reaffirmed the award of child support in the amount of $100.00 per month. Appellant subsequently filed a Rule To Show Cause why appellee should not have the amounts past due made execu-tory. She further asked why the child support now paid should not be increased to $350.00 per month.
The trial court, without stating its reasons, granted judgment in favor of appellant in the amount of $1,000.00 for child support past due. However, it let stand the original $100.00 child support award.
ASSIGNMENT OF ERROR NO. 1
Appellant first asserts the trial court erred in denying any increase in child support payments. It is well settled that one seeking to change or modify any child support award has the burden of showing that there has been a clear change in the needs of the person requiring it as compared to the person obliged to, pay it. L.S. A.-C.C. art. 227; and Flynn v. Flynn, 434 So.2d 1161 (La.App. 1st Cir.1983).
Herein, appellant has failed to prove or allege any change in circumstances which would dictate that an increase in child support be rendered. Contrarily, the record indicates that since the initial award, while she has married and enjoys an increased income as a result of her marriage, his financial circumstances remain basically unchanged.
We find, as the trial court evidently did, that appellant has failed to carry her burden of proof. She has failed to prove a change in the needs of the person requiring child support or the person obliged to pay it. Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Appellant secondly asserts that the trial court erred in refusing to add an additional $300.00 arrearage for child support allegedly mutually agreed upon by the parties. She asserts that appellee agreed to pay an additional sum of $100.00 per month for the months of June, July, and August, 1982. Appellee states that such amount was discussed but that he based this payment upon the condition “if there was any way possible.”
It is well settled in Louisiana that parents may agree to modify child support payments fixed by judgment and that such agreement will be given effect if it is in the interest of the child. For such agreement to be effective, the parties must clearly agree to such modification. Moreover, the party relying on such agreement has the burden of providing the existence of such agreement. Gomez v. Gomez, 421 So.2d *221 426 (La.App. 1st Cir.1982). Herein, we find, as the trial court must have found, that appellant has failed to carry her burden of proof. As such, this assignment of error is without merit.
For the above and foregoing reasons, judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.