CARTER, Judge.
Plaintiff, Hilton J. Michel, Jr., appeals the trial court award of child support in the amount of One Thousand and no/100 ($1,000.00) Dollars per month per child.
On March 10, 1983, plaintiff filed for divorce asserting that he and the defendant had lived separate and apart for over one year. He further asserted his right to joint custody and agreed to pay One Thousand and no/100 ($1,000.00) Dollars per month per child for any month in which the defendant had custody of the minor children. After defendant answered, plaintiff amended his petition to assert his willingness to pay child support in such amount as the court would fix. Interrogatories and requests for production of documents were then filed by both parties; each indicating an unwillingness to submit the information requested. Defendant then answered plaintiff’s amended petition asserting that joint custody was not in the best interest of the children and that child support should not be for a sum less than Three Thousand and no/100 ($3,000.00) Dollars per month.
At trial, plaintiff was found to have established sufficient grounds for living separate and apart for over one year. Accordingly, he was granted an absolute divorce. Alimony was not at issue. The trial court further found that the plan for joint custody was in the best interest of the children and found that the children would be with their father approximately thirty-five (35%) percent of the time. The only contested issue was the amount of child support to be awarded. Citing plaintiff’s assertion of his ability to pay any reasonable amount of child support set by the court, the court found that plaintiff need not answer certain interrogatories propounded by defendant.
Plaintiff assigns as error the trial court’s award of One Thousand and no/100 ($1,000.00) Dollars per month per child for support plus all medical and dental expenses incurred by the two minor children. Specifically, he asserts that the trial court erred in allocating for child support: (1) two-thirds (⅜) of all household expenses, (2) maid service as an expense, (3) a sum for automobile replacement, (4) a vacation expense, and (5) a sum for miscellaneous expenses, gifts, and entertainment expenses. Defendant answered plaintiff’s appeal, asserting that: (1) she be awarded attorney’s fees for plaintiff’s frivolous ap *832 peal and (2) the trial court erred in not requiring plaintiff to answer certain interrogatories propounded to him.
It is well settled that both parents have an obligation to support their children. LSA-C.C. art. 227. The degree of support is determined by the needs of the child as well as the circumstances of those obligated to pay it. Stepp v. Stepp, 442 So.2d 1327 (La.App. 3rd Cir.1983); Fouquet v. Fouquet, 442 So.2d 787 (La.App. 5th Cir.1983); Garcia v. Garcia, 438 So.2d 256 (La.App. 4th Cir.1983); and Flynn v. Flynn, 434 So.2d 1161 (La.App. 1st Cir.1983). Moreover, such support should maintain the children in the same status as if their parents were not separated or divorced. Watermeier v. Watermeier, 435 So.2d 520 (La.App. 5th Cir.1983). Further, the trial court is vested with wide discretion in fixing child support based upon the particular facts and circumstances therein, the exercise of which will not be disturbed on appeal absent a clear abuse of that discretion. Casselmann v. Zaunbrecher, 430 So.2d 293 (La.App. 3rd Cir.1983); Goux v. Goux, 408 So.2d 30 (La.App. 3rd Cir.1981); Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir.1975); Fakouri v. Perkins, 322 So.2d 401 (La.App. 3rd Cir.1975).
In the matter sub judice, the trial court found as a matter of fact that the children had enjoyed a high standard of living prior to their parents’ divorce. It further found that the defendant had proved the children’s expenses to be Two Thousand Seven Hundred Fourteen and 84/100 ($2,714.84) Dollars per month. We find that plaintiff failed to adduce any substantive evidence of contrary facts and/or figures which rebutted defendant’s evidence as to: (1) allocation of two-thirds (%) of all household expenses to the children; (2) funds for maid service; (3) vacation expense; and, (4) automobile replacement. As such, the trial court was justified in permitting- such expenses. However, we find the trial court did err in accepting a sum for miscellaneous expenses.
In considering the claim of Two Hundred and no/100 ($200.00) Dollars per month for miscellaneous expenses, defendant’s testimony reflects that such an amount was an estimate of expenses incurred. The defendant failed to prove that such expenses were actually incurred. While we note that an exact itemization of the child’s needs is not required for an award to be given, Garcia and Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir. 1976), this court finds that the award given herein for miscellaneous expenses is inappropriate. Defendant listed some forty-two (42) items of individual monthly expenses for the two minor children residing at home, which among other things included $180.00 for clothing, accessories, shoes, stockings, underclothes, etc.; $15.00 for school supplies; $35.11 for school books, registration fees, art fees, etc.; $21.00 for cosmetic and drug store, sun care, etc.; $22.66 for hair cuts and beauty parlor; $60.00 for allowances; $3.00 for appliance repair; $26.09 for club dues; $5.50 for newspaper and magazine, T.Y. Guide, Glamour, Teen; $4.16 for pets (food and veterinarian); $83.33 for entertainment, monies, tickets to shows (circus), meals out, etc.; $140.26 for gifts including Christmas; $14.00 for dancing lessons and expenses; and, $120.00 for vacation expense, to set forth only a few of the items listed. Then, defendant set forth and the trial judge allowed $200.00 per month child support for “Miscellaneous Expenses and Miscellaneous cash: (Day Camp, swimming lessons, birthday parties, easter, film and pictures, stamps, children’s books etc., Highlights magazine for Christy, prom, graduation expenses).” Considering all the previous items for which child support had previously been awarded, the trial court erred in the award for miscellaneous expenses, said award being at least a partial duplication of other items specifically listed such as allowances, cosmetic and drug store, etc.
Defendant appealed contending that an award of attorney’s fees was justified, plaintiff’s appeal being frivolous and without merit. Further, she complains that the trial court erred in failing to require the *833 plaintiff to answer certain interrogatories propounded to him.
Having found hereinabove that the trial court erred in granting an award for miscellaneous expenses in the award of child support, defendant’s first assignment of error is without merit. Accordingly, attorney’s fees are inappropriate. As to defendant’s second assignment of error, she failed to brief it for this court. Therefore, this court considers such assignment of error to have been abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
For the above and foregoing reasons, the judgment of the trial court is amended to reflect a reduction in child support of One Hundred ($100.00) Dollars per month per child. In all other respects, the judgment is affirmed. The costs of this appeal are to be equally assessed between the parties.
AMENDED AND AFFIRMED.