KNOLL, Judge.
William J. Campbell appeals from a judgment increasing child support for his two minor children, from $225 to $325 per month, contending the trial court erred in failing to consider a change in his former wife’s financial situation. We affirm, finding the trial court gave due consideration to the mother’s financial condition and did not abuse its discretion in increasing child support.
William J. Campbell and Beverly Ann Coles were married on September 25, 1972. During their marriage two children were born, namely Melissa and Cary, who are ages eight and five respectively. William and Beverly physically separated on September 22, 1978, and were legally divorced on January 4, 1980. The trial court granted Beverly custody of the two minor children, and William was ordered to pay child support at the rate of $250 per month. On February 25, 1982, the trial court adjudged William delinquent in child support payments totaling $2,000, and reduced his monthly child support payments to $225. *674 On September 16, 1983, Beverly ruled William into court to recover delinquent child support payments for August and September 1983, to have William held in contempt for failing to pay child support timely, and to increase child support. It is this judgment which William appeals. The trial court found William in contempt of court for his willful disobedience in failing to pay child support as ordered, and sentenced him to serve thirty days in the parish jail. William does hot appeal this portion of the judgment.
The trial court is vested with much discretion in setting the ’amount of child support and such award will not be disturbed on appeal unless the trial court has abused its discretion or committed manifest error in its appreciation of the facts. Trice v. Trice, 428 So.2d 1265 (La. App. 3rd Cir.1983). To modify a judgment of child support, the litigant requesting the adjustment of the prior award has the burden of proving a change in the circumstances of one of the parties. Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir.1978). The earnings and income of a parent’s second spouse constitute a community asset and must be considered in determining the amount of child support. Marcus v. Burnett, 282 So.2d 122 (La.1973).
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. LSA-C.C. Art. 227. The degree of parental support is determined by the needs of the child as well as the circumstances of those who are obligated to pay. LSA-C.C. Art. 231; Flynn v. Flynn, 434 So.2d 1161 (La.App. 1st Cir. 1983). The duties of preparing meals, washing clothes, providing transportation and shelter, furnishing care and guidance, and performing all day-to-day services that are demanded of the custodial parent contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976).
Beverly sought an increase in child support because of her decrease in income, the rising costs of living, and the increase in William s income. In 1982 William remarried after child support was reduced. His present wife is gainfully employed. He is employed by Welltech, Inc., as a driller, drawing a gross average monthly salary of $1,667.11. In comparison, when his monthly child support payments were reduced in early 1982 to $225, his monthly income was $1,471. After the reduction of child support, William remarried and his monthly salary increased. His 1982 Federal Income Tax Return reflects an adjusted gross income of $26,314.49. The record is clear that with William’s increase in his monthly salary, coupled with a community income interest from his present wife, he is able to pay the increase in child support.
The trial court fully considered Beverly’s financial ability to contribute to the support of the children. She and her present husband operate a family business from their family home which is a mobile home. In 1982 she and her husband earned approximately $1,300 a month. In addition to financial support, she also provides the children shelter, education, food, clothing, day-to-day care, and supervision.
After a careful review of the record, we find the trial judge fully considered the change of circumstances and did not abuse his discretion in increasing child support to $325.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-in-rule, William J. Campbell.
AFFIRMED.