PRESTON H. HUFFT, Judge Pro Tern.
Plaintiff in rule, Samuel David Brinks, appeals from the district court’s denial of his motion to reduce child support.
Appellant and appellee, after being married for fourteen years, were divorced in October of 1981. The judgment of divorce awarded custody of their two children, Christopher, then age ten, and Elizabeth, then age twelve, to plaintiff-appellee, and ordered defendant-appellant to pay child support for the two minor children in the amount of $225.00 per week. There has been no increase in the amount of child support since it was originally awarded.
At the time of divorce, plaintiff-appellee had not been employed since the birth of the eldest child. At the trial of this rule appellee testified that because of her children she had not sought employment until 1984. It was appellee’s uncontradicted testimony that after the separation, both of the children were having serious problems and both were going to counseling. In 1984, appellee began working part-time as a secretary in an office near their home and was paid $5.00 per hour for approximately 25 hours per week. This employment allowed appellee to derive some income and still be available for her children while they were not in school.
Appellant testified that his base salary in 1984 was approximately $39,000.00. In addition, all costs for the purchasing and maintenance of appellant’s automobile were paid by his company, as well as his monthly entertainment expenses which ranged from $600.00 to $800.00. Furthermore, since the divorce, appellant has remarried and his second wife, although separate in property, was employed by appellant’s company in 1984 at a salary of approximately $19,000.00.
Our law imposes a mutual obligation of support, maintenance, and education of children on both parents. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980). However, “the degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it.” Id. at 907; Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978). The customary daily duties and services performed by a mother contribute substantially to the mutual obligation of support, and can justify the mother’s remaining at home. Ducote v. Ducote, 339 So.2d 835 (La.1976); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir.1976). The totality of the circumstances must be considered by the court in calculating the award for child support, including the earnings of a second wife. Phillips v. Phillips, 319 So.2d 566 (La.App. 4th Cir.1975).
Where a parent seeks to reduce child support, the burden is on that parent to show that there has been a substantial change in circumstances from the time of the initial award. DeMarcay v. DeMarcay, 414 So.2d 845 (La.App. 4th Cir.1982). The trial court found that the child support award should not be reduced. The trial court is vested with considerable discretion in determining child support awards, and will not be reversed absent a finding of abuse. Richardson v. Richardson, 428 So.2d 1326 (La.App. 3rd Cir.1983); Duplantis v. Monteaux, 412 So.2d 215 (La.App. *1309 3rd Cir.1982). Our review of the record finds no abuse.
Accordingly, for the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.