GROVER L. COVINGTON, Chief Judge.
This is an appeal by the father from a judgment granting joint custody of the minor children, Jeffery and Christopher Sing-ley, with the primary residence remaining with the mother and with specific visitation privileges given to the father, as follows:
1. Alternating weekends;
2. Alternating birthdays and holidays, said holidays to include New Year’s Day, Easter Sunday, and Thanksgiving Day;
3. One week, beginning at 3:00 p.m. on Christmas Day;
4. Four weeks during the summer.
The Trial Judge further ordered the father to pay child support in the amount of $900.00 per month, and to maintain the minor children on his medical and hospitalization insurance policy.
This Court finds from the evidence that the joint custody arrangement decreed by the Trial Judge is in the best interest of the minor children. By allowing the children to remain primarily with the mother during the school year, the Trial Judge, to some extent, minimized the disruption to the children’s lives; they will be remaining in the family home and continuing their schooling at the neighborhood school. The joint custody arrangement of the Trial Court is the most feasible plan under the circumstances of this case.
The Court in Plemer v. Plemer, 436 So.2d 1348, 1350 (La.App. 4th Cir.1983), stated:
We interpret “joint custody” to mean a physical sharing of the child in addition to both parents participating in decisions affecting the child’s life — e.g., education, medical problems, recreation, etc. It’s obvious no plan, with or without ironclad guidelines, could possibly resolve the infinite number of conflicts which can and will arise between divorced parents in their quest to share their child’s life. It’s a fact of life that when parents battle over their children, judges are cast as ad hoc parents. But the legal bottom line remains the same — our only concern is the best interests of the child.
We note the lower court’s custody award slightly exceeds the amount of time requested in Mr. Plemer’s plan; however, the Reasons are crystal clear that Michele would be better served by spending additional time with her father. The weekly schedule (over one year) places Michele with her mother approximately two-thirds of the time. We don’t interpret joint custody to mean a fifty-fifty sharing of time. Each case will depend on the child’s age, the parents’ availability and desires, and other factors. Considering the child’s age and the sole custody enjoyed by Mrs. Hughes in the past, *958 we find the court’s plan reasonable, feasible and in the best interests of Michele. In order to clarify any possible ambiguity as to holidays and special days, we interpret the plan to mean that the parents will have custody on alternating holidays each year. However, allocation of the entire Christmas vacation to one parent is unrealistic because it totally deprives one parent of visitation during the two-week Christmas time. Even though we feel the parents would have worked out their own arrangement to share Christmas, out of caution we amend the judgment to provide that the non-custodial parent shall have visitation on December 25 from 2:00 p.m. to 10:00 p.m., subject to any mutually agreeable modifications.
The Court, in the Plemer case, selected a plan which was the least disruptive to the children's lives. We find that the particular facts in the case before the court support the amount of time allocated to the respective parents by the trial court.
This was the second time the issue of custody was before the Trial Judge, and each time he ruled that it was in the best interest of the children that they keep primary residence with their mother.
The Court, in Wickboldt v. Wickboldt, 448 So.2d 254, 257 (La.App. 1st Cir.1984), stated that:
We are also mindful of the rule that the trial judge’s decision in custody matters is entitled to great weight, because he is in a better position to evaluate the child’s best interest due to his overview of the conduct and character of the parties, (citation omitted) In the absence of a clear showing of abuse, the trial judge’s discretion should not be disturbed on review. (citations omitted.)
After a careful review of the record, we find no clear showing of abuse of the Trial Court's discretion with respect to the joint custody arrangement.
On the question of the award of $900.00 per month as child support and the requirement that appellant maintain the minor children on his medical and hospitalization policy, we find the award amply supported by the evidence. In Michel v. Michel, 457 So.2d 830 (La.App. 1st Cir.1984), this Court stated that child support should maintain the children in the same status as if their parents were not separated or divorced, and that exact itemization of the children’s needs is not required.
In the present case, the mother testified that she would probably have to sell the home if the amount of money she was receiving from the father as child support was reduced. The evidence supports the award of child support. The Trial Judge found that the father had a net income of $2,775.00 per month and expenses of $1,881.00 per month, or approximately $900.00 per month in “free income” or income available for child support.
Appellant’s complaint about the inclusion of certain items as income and the disallowance of a few items as legitimate expenses by the Trial Judge is without merit. The Court stated in Nelson v. Nelson, 335 So.2d 787, 788 (La.App.1st Cir.1976), that:
It is not only “free income” of the father that is to be considered in setting child support, it is the totality of the father’s financial ability and circumstances.
In fixing child support, the Trial Court is vested with wide discretion; only manifest abuse of discretion will move the appellate court to disturb the award of the Trial Judge. Michel v. Michel, supra. We find no abuse of this discretion.
For the reasons assigned, the judgment appealed is affirmed at appellant’s costs.
AFFIRMED.