KLEES, Judge.
Defendant appeals the judgment of the district court ordering him to pay $3,170.00 per month to his former wife for the support of their two minor children. We affirm.
*633 Defendant, Dr. Arend, is a practicing physician and a partner in Ochsner Clinic. His financial statement shows a gross annual income of approximately $200,000.00 from his practice, not including other income he receives from outside research, his ownership of rental property, and his interest in an income-producing trust.
Mrs. Arend is a social worker earning a gross salary of approximately $28,000.00 per year. She and defendant were married in 1967 and divorced in 1984. They have two children, a fourteen-year-old son and a ten-year-old daughter. Plaintiff and defendant live within six blocks of each other and maintain joint custody of the children, who spend about fifty percent of their time with each parent.
Following his separation from his wife, Dr. Arend began voluntarily paying to her the sum of $2,335.00 per month for the support of the children, which sum included $1,485.00 for the house note on the community property residence occupied by Mrs. Arend and the children, as well as $850.00 in additional funds. Dr. Arend also pays for the children’s private school tuition and all of their medical expenses. When Dr. Arend informed his former wife that he intended to stop paying the house note, she provoked a rule to set child support in the district court.
In her petition, plaintiff demanded $4,000.00 per month in child support, which was later reduced to $3,170.00 to reflect plaintiff’s own responsibility for one-third of the house note and car expenses she had claimed. Plaintiff’s petition was supported by an itemized list of expenses for the children totalling $3,170.00 per month. Her statement also shows that she has a net take home pay of $1,681.04 per month. At trial, plaintiff testified that after paying her share of the house note and automobile costs, she has approximately $800.00 per month left over to cover her own food, clothing and other personal needs. She does not receive any alimony. She stated that she was requesting that Dr. Arend pay for one hundred percent of the children’s needs because her financial situation is such that she is only able to support herself and is not able to contribute to the children’s support at this time.
Dr. Arend’s financial statement shows a gross income of $9890.63 per month, a net take home pay of $7442.26, and itemized expenses totalling $9,438.21 per month. Even taking into consideration that these figures do not include bonuses he periodically receives from Ochsner, the monthly income figure seems too low in view of the fact that Dr. Arend’s draw alone is $165,-000 per year. His income tax returns were not admitted into evidence, but he testified that he paid $80,000 in federal income taxes in 1984. Despite the fact that he has been voluntarily paying over two thousand dollars in child support since his divorce, Dr. Arend testified that his monthly income is about $9,500 and his monthly expenses, excluding this voluntary child support, are $9,400.
In reviewing child support awards, we must keep in mind that the trial court is vested with considerable discretion in such matters, and should not be reversed absent a finding of abuse. Brinks v. Brinks, 483 So.2d 1307 (La.App. 4th Cir.1986). Under Louisiana law, the degree of support required of each parent is determined by the needs of the children and the circumstances of the parents. Brinks, supra at 1308; Garcia v. Garcia, 438 So.2d 256 (La.App. 4th Cir.1983). In Garcia, we recognized that a court need not rely solely on an itemization of needs to fix the amount of child support. Rather, the trial judge should attempt to preserve the same standard of living that the children would have if their parents were not separated or divorced. Garcia, supra, at 257; Michel v. Michel, 457 So.2d 830, 832 (La.App. 1st Cir.1984). This rule is based upon the principle that “children are thus entitled by birthright to a life during their minority harmonious with the father’s station.” Fellows v. Fellows, 267 So.2d 572, 575 (La.App. 3rd Cir.1972), citing Paddison v. Paddison, 255 So.2d 504 (La.App. 4th Cir.1971).
In this case, the expenses plaintiff lists for the children are reasonable. Defendant complains about plaintiff’s request for two-thirds of the depreciation on the $13,000 car she purchased for cash two years ago, yet he has five cars, including a luxury sports car on which the note is over *634 $600 per month, a vintage Mercedes, and three community cars. Dr. Arend also complains that plaintiff failed to establish that certain items she listed as expenses, such as several trips per year for the children to visit relatives or take vacations, were either necessary or customary during the marriage. We find these arguments to be without merit. As we stated in an earlier decision: “Here, the husband’s income is sufficiently high for us to conclude the children were maintained in a reasonably affluent household.” Mouton v. Mouton, 372 So.2d 771, 773 (La.App. 4th Cir.1979).
In conclusion, we find that the children’s needs have been sufficiently established in the amount of $3,170.00 per month and that Dr. Arend can afford to pay this amount. We also find that Mrs. Arend, although she is working, cannot afford to contribute financially to the children’s support at this time. Cf. Mouton, supra. Therefore, the trial judge’s award of child support does not constitute an abuse of discretion and will not be overturned. Because we find the award to be reasonable, we will not consider defendant’s complaint that the trial judge failed to provide written reasons for the judgment.
Accordingly, the judgment of the district court ordering defendant to pay to plaintiff the sum of $3,170.00 in child support is affirmed.

AFFIRMED